UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC and ALEXANDER HOLLADAY,

*Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San Francisco City Attorney, and ROB BONTA, in his official capacity as Attorney General of California,

*Defendants*.

_____/

# COMPLAINT

1. This is a pre-enforcement civil-rights action under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, seeking declaratory and prospective injunctive relief to prevent the extraterritorial application of California Civil Code §§ 3273.61 and 3273.625 to Plaintiffs' protected speech and lawful conduct occurring wholly in Florida.

2. Plaintiffs are Florida residents who publish and link to written guides, photographs, and digital design files on the Internet. Defendants—California's Attorney General and the San Francisco City Attorney—have announced and initiated a civil enforcement campaign that expressly targets Plaintiffs' Florida-based speech and threatens civil and criminal penalties, based on California's effort to regulate and suppress speech occurring in Florida merely because it may be accessible in California.

1

3. Plaintiffs have been forced to self-censor and to cease registering copyrights for his works as a result.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

5. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202 and prospective injunctive relief under the Court's equitable powers. Plaintiffs also seek attorneys' fees and costs under 42 U.S.C. § 1988.

6. Personal jurisdiction is proper because Defendants have purposefully directed an enforcement campaign at identified Florida residents and Florida-based publication activity by (i) filing a civil enforcement complaint that names Plaintiffs and seeks to impose civil penalties and injunctive relief on Plaintiffs for purely Floridian speech and links published on the open Internet; (ii) publicly announcing that enforcement action and characterizing Plaintiffs' Florida publication activity as unlawful; and (iii) thereby causing and intending to cause the brunt of the constitutional injury—Plaintiffs' chilled speech and self-censorship—to be felt in Florida. *See Calder v. Jones*, 465 U.S. 783 (1984); *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020); *Media Matters for Am. v. Paxton*, 138 F.4th 563 (D.C. Cir. 2025).

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred

in this District, including Plaintiffs' publication activities and the resulting chilling and self-censorship in Orlando, Florida.

## PARTIES

8. Plaintiff CTRLPEW LLC is a Florida limited liability company with its principal place of business in Orlando, Florida.

9. Plaintiff ALEXANDER HOLLADAY is a natural person domiciled in Orlando, Florida.

10. Defendant ROB BONTA is the Attorney General of the State of California and is sued in his official capacity for prospective declaratory and injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908).

11. Defendant DAVID CHIU is the City Attorney for the City and County of San Francisco and is sued in his official capacity for prospective declaratory and injunctive relief.

## FACTUAL ALLEGATIONS

12. Plaintiffs operate and maintain a Florida-based website ("ctrlpew.com") through which they link to written guides, photographs, and digital design files (including 3D models) that are expressive works and technical instructions.

13. Plaintiffs' website primarily links to a third-party hosting platform, Odysee, where some of those works are made available.

14. Plaintiffs' speech is created in and posted from Florida and are not directed to any particular state.

15. Plaintiffs do not specifically target California users, do not direct advertising toward California, and do not maintain offices in California.

16. Plaintiffs do not travel to California and have no intention of ever doing so.

17. Plaintiff Holladay has not been to California since 2008 and specifically desires never to set foot there again.

18. On February 6, 2026, Defendants filed a civil enforcement action in the Superior Court of California, County of San Francisco, captioned *The People of the State of California v. Gatalog Foundation Inc., et al.*, seeking a permanent injunction, civil penalties, and equitable relief under California Civil Code §§ 3273.61 and 3273.625 and California's Unfair Competition Law. Plaintiffs Holladay and CTRLPew LLC are named defendants in that action. (Attached as Ex. 1.).

19. Defendants' California complaint expressly alleges that Plaintiffs are "unlawfully distributing" and "promoting" downloadable "digital code" and "instructions," and it seeks to suppress Plaintiffs' speech by court order and monetary penalties of up to $7,875,000. (Ex. 1, ¶¶ 1–6, 18, 83.).

20. Defendants' California complaint alleges that Plaintiffs' conduct violates California Civil Code § 3273.61, which purports to prohibit a person from "knowingly distributing … computer code" for use in "3D-printing a firearm, a firearm precursor part, a firearm receiver, a firearm-related product, or a prohibited firearm accessory." (Ex. 1, ¶¶ 18–19.).

21. Defendants' California complaint underscores the criminal-law implications of Defendants' threatened enforcement by citing California Penal Code provisions in its footnotes—including footnotes 3 and 16 (citing Penal Code §§ 29010 and 30515).

22. Plaintiff Holladay fears that Defendants' civil enforcement actions are designed to drag Plaintiff into a foreign jurisdiction where he may be subject to arrest in California for his Florida conduct which was entirely lawful in Florida.

23. Defendants amplified these accusations through a public press release announcing the lawsuit and describing Plaintiffs' Florida-based publications as unlawful. (Ex. 2).

24. These statements and citations reinforce Plaintiffs' reasonable fear that Defendants will use California coercive process to punish or suppress Plaintiffs' Floridian speech.

25. Defendants announced the enforcement action publicly through an Attorney General press release dated February 6, 2026, describing the lawsuit as a "landmark" effort and asserting that Plaintiffs' publications are unlawful. (Ex. 2.).

26. Defendants' filing and public statements have forced Plaintiffs to self-censor. In particular, Holladay has refrained from publishing additional works and has paused planned publication activity on and through Plaintiffs' website for fear that California will seek civil and criminal penalties or injunctive relief based on Florida-origin speech that is accessible in California.

27. Plaintiff has registered many of the guides, photographs, models, and instructional materials he owns with the United States Copyright Office.

28. Plaintiff fears that, because the deposit copies of such works could be obtained by a California resident from the Library of Congress or from the Copyright Office itself, Plaintiff will be unable to register any additional copyrights with the United States Copyright Office. As a result, Plaintiff has been forced to cease registering his works with the United States Copyright Office.

29. Because Plaintiff fears he is unable to register his works, Plaintiff loses out on his effective registration dates for the relevant works with each passing day.

30. Because Plaintiff would lose the benefit of registration, Plaintiff has been forced to elect not to publish additional works.

31. Because Plaintiff fears he is unable to register his works, Plaintiff is unable to enforce the copyrights relevant to his works.

32. Plaintiff is unable to enforce the copyrights which he currently has registered, as doing so would involve filing exhibits which would be available through PACER to Californians, and thus subject Plaintiff to further harm from Defendants.

33. Plaintiff wishes to attach examples of some of his works as exhibits to this complaint, but cannot, as they would subject him to further harm from Defendants.

34. Defendants have not served Plaintiffs with process in the California action as of the filing of this Complaint. Nevertheless, the California complaint, the press release, and Defendants' stated enforcement posture create a credible and

immediate threat of enforcement sufficient to chill Plaintiffs' speech and establish an Article III case or controversy. *See, e.g., Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014).

35. This action does not seek to enjoin, stay, or interfere with proceedings in California state court. Plaintiffs seek only declaratory and prospective injunctive relief preventing Defendants from applying California Civil Code §§ 3273.61 and 3273.625 to Plaintiffs' speech and publication activities undertaken wholly in Florida.

36. Plaintiffs' guides, photographs, instructional materials, and digital design files constitute expression protected by the First Amendment. Courts have recognized that technical information and computer source code are speech for First Amendment purposes. *See, e.g., Bernstein v. U.S. Dep't of State*, 176 F.3d 1132 (9th Cir. 1999).

## CLAIMS FOR RELIEF

**COUNT I – 42 U.S.C. § 1983 (FIRST AMENDMENT PRIOR RESTRAINT, AGAINST BONTA AND CHIU)**

37. Plaintiffs incorporates paragraphs 1 through 36 as if fully set forth herein.

38. Defendants, acting under color of state law, have initiated and threatened enforcement under California Civil Code §§ 3273.61 and 3273.625 to suppress and penalize Plaintiffs' protected speech published from Florida on the open Internet.

39. As applied to Plaintiffs' Florida-based speech, the challenged enforcement functions as an unconstitutional prior restraint and content-based restriction, is not narrowly tailored to any compelling governmental interest, and has caused Plaintiffs ongoing and irreparable injury through forcing self-censorship and preventing registration of works with the United States Copyright Office.

40. Plaintiffs are entitled to declaratory and prospective injunctive relief barring Defendants from enforcing the challenged provisions against Plaintiffs based on speech and publication activities undertaken wholly in Florida.

## COUNT II – 42 U.S.C. § 1983 (FOURTEENTH AMENDMENT DUE PROCESS – EXTRATERRITORIAL ENFORCEMENT, AGAINST BONTA AND CHIU)

41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

42. The Due Process Clause limits a State's authority to impose its law extraterritorially on persons with insufficient contacts to the State and to punish or enjoin conduct that occurs wholly outside the State's borders.

43. Defendants' threatened enforcement against Plaintiffs for Florida-based speech activity violates these limits.

44. Defendants' attempt to apply California Civil Code §§ 3273.61 and 3273.625 to Plaintiffs' Florida speech also deprives Plaintiffs of fair notice and invites arbitrary enforcement, because it conditions civil liability on the downstream acts of third parties and on the mere accessibility of speech in California.

45. Plaintiffs are entitled to declaratory and prospective injunctive relief barring Defendants from enforcing the challenged provisions against Plaintiffs based on speech and publication activities undertaken wholly in Florida.

## COUNT III – DECLARATORY RELIEF (DORMANT COMMERCE CLAUSE – EXTRATERRITORIAL REGULATION, AGAINST BONTA AND CHIU)

46. Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

47. As applied to Plaintiffs' Florida-based publication and linking on the Internet, California Civil Code §§ 3273.61 and 3273.625 operate as impermissible extraterritorial regulation by controlling conduct and speech occurring wholly outside California and by projecting California policy choices onto the national Internet.

48. An actual controversy exists between Plaintiffs and Defendants concerning the constitutionality of Defendants' threatened enforcement as applied to Plaintiffs' Florida-based speech, and Plaintiffs are entitled to a declaration of their rights and Defendants' obligations.

## COUNT IV – 42 U.S.C. § 1983 – SECOND AMENDMENT VIOLATION, AGAINST BONTA AND CHIU

49. Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

50. Plaintiffs' publications and technical instructions relate to the design and lawful manufacture of arms and arm components and facilitate the exercise of Plaintiffs' and others' right to keep and bear arms.

51. By seeking to suppress and penalize Plaintiffs' Florida-based publications through extraterritorial enforcement, Defendants burden conduct protected by the Second Amendment.

52. Plaintiffs are entitled to declaratory and prospective injunctive relief preventing Defendants from enforcing California Civil Code §§ 3273.61 and 3273.625 against Plaintiffs in Florida based on Plaintiffs' Florida-based speech.

## PRAYER FOR RELIEF

53. Plaintiff respectfully prays this Honorable court:

   a. Declare that Defendants' threatened and ongoing enforcement of California Civil Code §§ 3273.61 and 3273.625 against Plaintiffs' speech activities undertaken wholly in Florida violates the First and Fourteenth Amendments to the United States Constitution;

   b. Declare that Defendants may not apply California Civil Code §§ 3273.61 and 3273.625 extraterritorially to regulate Plaintiffs' Florida-based speech and publication on the Internet;

   c. Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and all persons acting in concert with them from enforcing California Civil Code §§ 3273.61 and 3273.625 against

  Plaintiffs based on Plaintiffs' speech and publication activities undertaken wholly in Florida;

d. Award Plaintiffs costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

e. Grant such other and further relief as the Court deems just and proper.

DATED: February 11, 2026

       */s/ Matthew Larosiere*
       Matthew Larosiere, Esq.
       Fla. Bar № 1005581
       *The Law Offices of Matthew Larosiere.*
       6964 Houlton Cir.
       Lake Worth, FL 33467
       Email: Larosieremm@gmail.com
       Telephone: (561) 452-7575
       *Lead Counsel for Plaintiffs*