UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC and ALEXANDER HOLLADAY,

*Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San Francisco City Attorney, and ROB BONTA, in his official capacity as Attorney General of California,

*Defendants*.

_____/

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR EXPEDITED PRELIMINARY-INJUNCTION PROCEEDINGS**

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 3

LEGAL STANDARD............................................................................................. 5

ARGUMENT .......................................................................................................... 6

A.    PLAINTIFFS ARE ENTITLED TO RELIEF UNDER RULE 65 ........... 6

B.    PLAINTIFFS HAVE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS ................................................................................... 7

   1)    Defendants' threatened enforcement operates as an unconstitutional prior restraint and content-based suppression as applied to Plaintiffs' Florida speech............................................................................................. 7

   2)    This Court may enjoin unconstitutional enforcement by state officials ................................................................................................... 8

   3)    Plaintiffs face a concrete and credible threat of enforcement.............. 8

   4)    Extraterritorial application to Florida-based publication activity violates due process and the dormant Commerce Clause............................. 9

   5)    Defendants' threatened injunction is inequitable and overbroad as applied................................................................................................... 10

C.    PLAINTIFFS WILL SUFFER IRREPARABLE INJURY ABSENT IMMEDIATE RELIEF................................................................................ 11

D.    THE BALANCE OF EQUITIES FAVOR PLAINTIFFS ....................... 12

E.    THE TRO SERVES THE PUBLIC INTEREST ................................... 12

F.    SECURITY SHOULD BE WAIVED OR SET NOMINALLY................ 13

G.    THE REQUESTED RELEIF IS NOT BOUND BY THE ANTI-INJUNCTION ACT OR *YOUNGER* ABSTENTION....................................... 13

H.    LOCAL RULE 6.01(b)(2) STATEMENT............................................... 14

CONCLUSION..................................................................................................... 16

PROPOSED ORDER (M.D. Fla. R. 6.01(a)(6)).................................................. 17

CERTIFICATE OF SERVICE............................................................................ 20

Plaintiffs CTRLPEW LLC and Alexander Holladay ("Plaintiffs") move, pursuant to Federal Rule of Civil Procedure 65, for a temporary restraining order preserving the status quo and preventing imminent, irreparable harm to Plaintiffs' Florida-based speech pending a prompt hearing on Plaintiffs' requested preliminary injunction. The requested relief in no way implicates or interferes with the cause pending in California state court. It seeks only to restrain the extraterritorial application and enforcement of California law to silence speech here in Florida. In support, Plaintiffs state:

## INTRODUCTION

Defendants took action which Plaintiff became aware of on February 18, 2026, necessitating the filing of this motion to prevent California officials from immediately silencing Plaintiffs' protected speech and lawful conduct occurring wholly in Florida.

Defendants have already filed a California civil-enforcement action naming Plaintiffs and seeking, among other things, preliminary injunctive relief to suppress Plaintiffs' publications by court order and to impose monetary penalties. (Doc. 1 ¶¶ 18–21); (Doc. 1-2 at 26–27).

Defendants have now represented that they intend to seek a preliminary injunction "in short order" and that, if they obtain such an injunction, they intend to "effectuate the injunction through third parties, including the Internet service providers supporting Defendants' websites and online profiles." (Ex. A at 5–6).

Plaintiffs learned of this threatened disruption of Plaintiff"s speech on February 18, 2026 and are seeking relief within 48 hours of learning of the threat.

3

(Ex. B. ¶¶ 4, 14–15). The threatened enforcement has already chilled Plaintiffs' speech: Holladay has ceased publishing firearms-related works. (Ex. B ¶¶ 5, 10). If Defendants are permitted to pursue and effectuate third-party takedown relief aimed at Plaintiffs' Florida-based websites and online profiles, Plaintiffs face immediate, irreparable First Amendment injury and concrete business harm from loss of audience and income. (Ex. B. ¶¶ 9, 15).

A temporary restraining order is necessary to preserve the status quo and prevent Defendants from using coercive process to suppress Florida speech before this Court can hold a preliminary-injunction hearing.

## FACTUAL BACKGROUND

Plaintiffs are Florida residents who create and publish written, pictorial, and three-dimensional works relating predominantly to firearms and the right to bear arms. (Ex. B ¶¶ 1–3); (Doc. 1) ¶¶ 8–17). Plaintiffs' speech is created in and posted from Florida. Plaintiffs do not target California viewers, maintain no offices in California, and do not conduct their relevant publication activity outside Florida. (Doc. 1 ¶¶ 14–17); (Ex. B ¶¶ 11–12).

Because Defendants have threatened Plaintiffs with substantial civil penalties and have underscored criminal-law implications in their California filing, Plaintiffs have been forced to self-censor and cease firearms-related publication activity. (Doc. 1 ¶¶); (Ex. B ¶¶ 5, 10).

It cannot be credibly contested that Plaintiffs' works are expressive. At issue are his created pictorial, visual, and written works pertaining to firearms. (Ex. B ¶7).

Defendants filed a civil enforcement complaint in California seeking permanent injunction, civil penalties, and other relief under the challenged statutes. (Doc. 1 ¶ 18; Doc. 1-2). The California complaint requests "preliminary and permanent injunctive relief" and "preliminary injunctive and ancillary relief." (Doc. 1-2 at 26–27). The California complaint also includes allegations about "auto-sears (i.e., machinegun conversion devices)." (Doc. 1-2 at 8.) Holladay has never designed or published files relating to machinegun conversion devices. (Ex. B ¶ 6).

In the California action, Defendants filed an application for complex-case designation stating that they "anticipate moving in short order for a preliminary injunction." (Ex. A at 5). They further represented that, if they obtain a preliminary injunction, they "may need to effectuate the injunction through third parties, including the Internet service providers supporting Defendants' websites and online profiles." (Ex. A at 6).

These representations describe imminent planned suppression of Plaintiffs' purely Floridian speech activity and a contemplated pathway to suppress Plaintiffs' speech by leveraging third parties such as internet service providers. Plaintiffs seek a TRO to prevent irreparable harm while this Court promptly considers preliminary injunctive relief in this case.

## **LEGAL STANDARD**

Temporary restraining orders are measures intended to preserve the status quo and prevent an irreparable injury pending a fuller hearing on injunctive relief. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1229 (11th Cir. 2005). To obtain

a TRO, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent the injunction; (3) the balance of harms favors Plaintiffs; and (4) the injunction would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

## ARGUMENT

### A. PLAINTIFFS ARE ENTITLED TO RELIEF UNDER RULE 65

A temporary restraining order and preliminary injunction are "extraordinary and drastic" remedies, but they are appropriate where necessary to preserve the status quo and prevent imminent irreparable injury pending a prompt hearing. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226–27. Plaintiffs must establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent relief; (3) the threatened injury to Plaintiffs outweighs the harm the injunction may cause Defendants; and (4) the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

Here, those factors are satisfied. Defendants have represented that they will seek a preliminary injunction "in short order" and may "effectuate" it through third parties, "including the Internet service providers supporting Defendants' websites and online profiles." (Doc. 1-2); Ex. A. That threatened enforcement has already chilled Plaintiffs' speech. (Ex. B).

### B. PLAINTIFFS HAVE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

1) <u>Defendants' threatened enforcement operates as an unconstitutional prior restraint and content-based suppression as applied to Plaintiffs' Florida speech</u>

An injunction forbidding publication is a prior restraint, the "most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). Prior restraints carry a "heavy presumption" of invalidity. *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971). Even informal or indirect government action that threatens consequences to suppress protected expression raises significant First Amendment concerns. *Bantam Books*, 372 U.S. at 67–72.

Plaintiff's works are written and audiovisual, consisting of documentary instructions, articles, photographs, and 3-dimensional models. (Ex. B). California's § 3273.60 explicitly includes in its definition of prohibited "digital firearm manufacturing code" "any digital **instructions** in the form of computer-aided **design files**, computer-aided manufacturing files, or **other code <u>or</u> instructions** stored and displayed in electronic format as a digital model that may be used to program a CNC milling machine, a three-dimensional printer, or a similar machine, to manufacture or produce [a host of other items]". Cal. Cov. Code § 3273.60 (2025) (emphasis added). Whether or not some "manufacturing files" might be beyond the scope of the First Amendment, with its broad definition, and Defendants' stated position of prohibiting Plaintiffs' digital models, written instructions, and photographs (Doc. 1-2), there can be no doubt that, as applied to Plaintiffs, Defendants' activity operates as a content-based prior restraint.

7

Defendants have represented an intent to obtain a preliminary injunction and "effectuate" it through third parties "including the Internet service providers supporting Defendants' websites and online profiles." (Ex. A at 6). The practical consequence is suppression of Plaintiffs' ability to speak to their audience—potentially by disabling the infrastructure through which Plaintiffs publish. *Nebraska Press Ass'n*, 427 U.S. at 559; *Keefe*, 402 U.S. at 419.

Moreover, as applied here, Defendants' threatened enforcement is content-based: it targets Plaintiffs' firearms-related publications because of their content, and it seeks to restrict dissemination of expressive materials and "instructions" in a specific subject domain. Content-based restrictions are presumptively unconstitutional and subject to strict scrutiny. *Reed v. Town of Gilbert*, 576 U.S. 155, 163–64 (2015).

2) <u>This Court may enjoin unconstitutional enforcement by state officials</u>

A plaintiff may seek prospective injunctive relief against state officials in their official capacities to prevent ongoing or threatened violations of federal law. *Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Plaintiffs here brought a § 1983 action seeking to prevent threatened application of California statutes to Plaintiffs' Florida-based speech and conduct. (Doc 1 ¶ 1).

3) <u>Plaintiffs face a concrete and credible threat of enforcement</u>

Pre-enforcement challenges are justiciable where there is a credible threat of enforcement and/or where threatened enforcement itself causes self-censorship.

8

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159–67 (2014); *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392–93 (1988); *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). A credible threat exists where the plaintiff's intended conduct is arguably covered by the challenged law and the government's actions indicate an intent to enforce. *Susan B. Anthony List*, 573 U.S. at 162–65.

Defendants have already filed a civil enforcement complaint against these Plaintiffs seeking preliminary injunctive relief and penalties, and Defendants have told the California court they plan to seek a preliminary injunction "in short order" and may implement it via third parties to prevent Plaintiffs' access to the internet. (Doc. 1-2; Ex. A). Defendants' actions have caused Plaintiffs to respond by ceasing firearms-related publication activity. (Ex. B). Thus, injunctive relief is appropriate. *Am. Booksellers*, 484 U.S. at 392–93; *Susan B. Anthony List*, 573 U.S. at 164–67.

4) <u>Extraterritorial application to Florida-based publication activity violates due process and the dormant Commerce Clause</u>

States may not regulate commerce "wholly outside" their borders, and laws that have the "practical effect" of controlling conduct beyond the state's boundaries violate the dormant Commerce Clause. *Healy v. Beer Inst.*, 491 U.S. 324, 336 (1989); Edgar v. MITE Corp., 457 U.S. 624, 642–43 (1982) (plurality op.). That is particularly true where a state attempts to project its policy choices into other states by regulating out-of-state conduct because of purported in-state effects. *Healy*, 491 U.S. at 336–37.

Similarly, due process limits a state's ability to impose its regulatory regime on out-of-state conduct, especially where the application effectively punishes activity occurring elsewhere. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572–73 (1996) ("a

9

State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors' lawful conduct in other States.").

Here, Plaintiffs' creation and publication activity occurs wholly in Florida, and Plaintiffs do not target California. (Ex. B; Doc. 1 ¶¶ 2, 14–17). Defendants' plan—effectuating California policy by cutting off Plaintiff's internet activities through, among other things, the service providers supporting Plaintiffs' websites and online profiles—would regulate and suppress conduct in Florida because California officials disapprove of its content. That is the "practical effect" of controlling out-of-state conduct condemned by *Healy* and *Edgar*. *Healy*, 491 U.S. at 336; *Edgar*, 457 U.S. at 642–43.

5) <u>Defendants' threatened injunction is inequitable and overbroad as applied</u>

Equitable relief must be narrowly tailored to remedy the proven harm and must avoid unnecessary burden on protected activity. *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (injunctions that burden speech must "burden no more speech than necessary" to serve a significant interest).

The California enforcement complaint places particular emphasis on "auto-sears (i.e., machinegun conversion devices)." (Doc. 1-2). Holladay has never designed or published files relating to machinegun conversion devices and has at most simply indicated they exist. (Ex. B). Defendants' threatened effort to disable Plaintiffs' websites and online profiles—platforms that host a wide range of protected expression—would be a blunt instrument that burdens substantially more speech

than necessary, underscoring both the constitutional infirmity and the inequity of the impending action. *Madsen*, 512 U.S. at 765.

### C. **PLAINTIFFS WILL SUFFER IRREPARABLE INJURY ABSENT IMMEDIATE RELIEF**

In First Amendment cases, loss of constitutional freedoms "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.). The Eleventh Circuit likewise recognizes that direct penalization or suppression of speech supports irreparable harm. *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006); *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010).

Here, irreparable harm is present in at least three independent ways. First, Holladay has ceased publishing firearms-related works due to Defendants' unlawful conduct. (Ex. B). Self-censorship induced by credible enforcement threats is an irreparable First Amendment injury. *Elrod*, 427 U.S. at 373; *Scott*, 612 F.3d at 1295 (Where one "contends that when he triggers the [challenged policy], he will speak less than he wants" his "injury is obviously irreparable."). Second, Defendants intend to effectuate California law against the Florida Plaintiffs through compelling third parties, including ISPs supporting Plaintiffs' websites and online profiles. (Ex. A). If Plaintiffs lose the ability to publish through their websites and online profiles, the harm is immediate and not readily compensable by damages—especially because the injury includes loss of audience and ongoing expressive opportunities. *KH Outdoor*, 458 F.3d at 1272. Third, Defendants told the California court they anticipate moving "in short order" for a preliminary injunction and emphasized the aggressive ways

11

they would silence Plaintiffs. (Ex. A). Plaintiffs moved within 48 hours of learning of this threat. (Ex. B). The requested relief is warranted where the threatened harm is imminent and cannot be undone later. *Schiavo*, 403 F.3d at 1226–27.

### D. THE BALANCE OF EQUITIES FAVOR PLAINTIFFS

When a party faces imminent deprivation of constitutional rights, the balance of equities strongly favors preventing that injury. *Elrod*, 427 U.S. at 373; *Scott*, 612 F.3d at 1295. Defendants, by contrast, have no legitimate equitable interest in enforcing an unconstitutional regime or obtaining overbroad injunctive relief that suppresses Florida-based speech via third parties. *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017) (equities and public interest favor preventing constitutional violations).

The requested TRO is narrowly framed to preserve the status quo and prevent Defendants from suppressing Florida speech through extraterritorial enforcement and third-party disruption pending an expedited preliminary-injunction hearing. Further, the requested relief in no way implicates the cause pending in California state court, relating only to the extraterritorial application and enforcement of California law here in Florida.

### E. THE TRO SERVES THE PUBLIC INTEREST

The public has a compelling interest in protecting First Amendment rights and preventing government officials from suppressing protected expression by coercive enforcement mechanisms. *Nebraska Press Ass'n*, 427 U.S. at 559; *Keefe*, 402 U.S. at 419. The public also has a strong interest in ensuring states do not project their

regulatory power beyond their borders to control out-of-state conduct. *Healy*, 491 U.S. at 336–37.

Because "it is always in the public interest to protect First Amendment liberties," the public-interest factor favors a TRO preventing Defendants from implementing the threatened speech-suppressive relief while this Court adjudicates the merits. *FF Cosmetics FL*, 866 F.3d at 1298.

### F. SECURITY SHOULD BE WAIVED OR SET NOMINALLY

Rule 65(c) requires security only "in an amount that the court considers proper." Fed. R. Civ. P. 65(c). Courts have discretion to require no security or only nominal security, particularly where a TRO prevents constitutional injury and the risk of monetary harm to the enjoined party is minimal. *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (recognizing district court discretion under Rule 65(c)).

Here, Plaintiffs seek to prevent imminent unconstitutional suppression of speech by government officials acting in their official capacities; the TRO preserves the status quo pending an expedited preliminary-injunction hearing. Plaintiffs therefore request waiver of security or, alternatively, a nominal bond.

### G. THE REQUESTED RELEIF IS NOT BOUND BY THE ANTI-INJUNCTION ACT OR *YOUNGER* ABSTENTION

The Anti–Injunction Act generally prohibits federal courts from enjoining state-court proceedings, subject to exceptions. 28 U.S.C. § 2283; *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970).

As a threshold matter, nothing in the requested relief impacts the state court proceedings. They may continue unimpeded even if the requested relief issues, as Plaintiff is only seeking an injunction as to Defendants' threatened conduct <u>in Florida</u>. Even so, one exception to the AIA applies where an injunction is "expressly authorized by Act of Congress," and § 1983 falls within that exception. *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972). Plaintiffs' request for prospective relief arises under § 1983 (Doc. 1 ¶ 1) and seeks to prevent enforcement actions that would suppress Florida-based speech.

*Younger* abstention is limited to exceptional categories, including certain civil enforcement proceedings akin to criminal prosecutions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013). Even where *Younger* is implicated, federal courts may grant relief where extraordinary circumstances exist—particularly where threatened enforcement would cause immediate, irreparable constitutional injury. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Here, Defendants have announced imminent pursuit of a preliminary injunction and a plan to effectuate their foreign policy choices by directly and indirectly silencing Plaintiffs' speech, including through disconnecting Plaintiffs from the internet through ISPs and other third parties—an enforcement mechanism that would operate as a prior restraint and impose irreparable First Amendment harm before this Court can adjudicate Plaintiffs' constitutional claims. *Nebraska Press Ass'n*, 427 U.S. at 559; *Elrod*, 427 U.S. at 373.

### H. LOCAL RULE 6.01(b)(2) STATEMENT

The irreparable nature of the threatened injury being established *supra*, Movant states that Defendants have already been served with the complaint, but

14

have not yet appeared in this action. (Doc. 5, 6). Plaintiffs began preparing this motion immediately after learning of Defendants' imminent plans to cause Plaintiffs irreparable harm by silencing Plaintiffs' Florida speech both directly and indirectly. Because the deprivation of their First Amendment rights is imminent and irreparable, it would be unreasonable for Plaintiffs to await Defendants' appearance. Even so, Plaintiffs' counsel contacted Defendants' counsel using the contact information in (Doc. 1-2) and notified them of this filing, providing a copy of this motion and its attachments.

## REQUESTED RELIEF

Plaintiffs pray this Honorable Court enter a temporary restraining order restraining and enjoining Defendants, their officers, agents, servants, employees, and attorneys—and all other persons in active concert or participation with any of them—from:

1) Enforcing, in Florida, California Civil Code sections 3273.61 and 3273.625 against Plaintiffs based on Plaintiffs' speech and publication activities undertaken wholly in Florida; and

2) Taking steps to effectuate California Civil Code sections 3273.61 and 3273.625 in Florida against Plaintiffs' websites or online profiles through third parties to suppress Plaintiffs' Florida-based speech and publication activity.

Plaintiffs further request that the Court set an expedited schedule and prompt hearing on Plaintiffs' motion for preliminary injunction.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the requested temporary restraining order and set expedited preliminary-injunction proceedings.

DATED: February 20, 2026

*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.
Fla. Bar № 1005581
*The Law Offices of Matthew Larosiere.*
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
*Lead Counsel for Plaintiffs*


**PROPOSED ORDER (M.D. Fla. R. 6.01(a)(6))**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC and ALEXANDER HOLLADAY,

        *Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San Francisco City Attorney, and ROB BONTA, in his official capacity as Attorney General of California,

        *Defendants*.

_____/

**TEMPORARY RESTRAINING ORDER**

This cause comes before the Court on Plaintiffs' Motion for Temporary Restraining Order. Having reviewed the motion, supporting submissions, and the record, the Court finds that temporary relief is appropriate.

**FINDINGS**

1. Plaintiffs seek relief under 42 U.S.C. § 1983 alleging constitutional violations arising from Defendants' threatened enforcement of California Civil Code sections 3273.61 and 3273.625 against Plaintiffs' publications and conduct which occurred in Florida.

2. Plaintiffs have presented evidence that Defendants have initiated an enforcement action in California with the intention of disrupting Plaintiffs' conduct in Florida.

3. Plaintiffs have demonstrated a sufficient showing of a credible threat of enforcement and resulting irreparable harm to support temporary relief under Federal Rule of Civil Procedure 65.

4. Plaintiffs have made an adequate showing, at this stage, of:

   a. a substantial likelihood of irreparable injury absent temporary relief, *viz*. the present chilling and threatened censorship of Plaintiffs' protected expression;

   b. that the balance of equities weighs in favor of preserving the status quo; and

   c. that temporary relief serves the public interest.

5. This Order does not enjoin, stay, or otherwise interfere in any way with the California state-court proceeding referenced in Plaintiffs' filings. Rather, it applies solely and exclusively to the parties activities occurring in the state of Florida.

6. The Court finds that no security is required under Rule 65(c).

## **ORDER**

Accordingly, it is **ORDERED** that:

1. Plaintiffs' Motion for Temporary Restraining Order is **GRANTED**.

2. Defendants, and their officers, agents, servants, employees, attorneys, and persons acting in concert or participation with them, are TEMPORARILY RESTRAINED from:

    a. Enforcing, in Florida, California Civil Code sections 3273.61 and 3273.625 against Plaintiffs based on Plaintiffs' speech and publication activities undertaken wholly in Florida; and

    b. Taking steps to effectuate California Civil Code sections 3273.61 and 3273.625 in Florida against Plaintiffs' websites or online profiles through third parties to suppress Plaintiffs' Florida-based speech and publication activity.

3. This Temporary Restraining Order shall remain in effect for a period of 14 days from the date of this order.

DONE and ORDERED in Orlando, Florida, this ___ day of February, 2026.

_____

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the date noted below, the foregoing document was filed with this Court's ECF system, which generated a notice of filing, and a true and correct copy of the foregoing Motion was emailed to the following counsel for Defendants:

VESNA CUK
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3782
Fax: (415) 703-5480
E-mail: vesna.cuk@doj.ca.gov

KARUN A. TILAK
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
Telephone: (415) 355-3308
Fax: (415) 437-4644
E-mail: karun.tilak@sfcityatty.org

February 20, 2026

*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*