UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC and ALEXANDER
HOLLADAY,

*Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

*Defendants*.

_____/

## DECLARATION OF ALEXANDER HOLLADAY IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

I, Alexander Holladay, declare and state as follows:

1. I, and my company, Ctrlpew LLC, are the Plaintiffs in the above-styled action. I submit this Declaration, which is filed in support of my Motion for a Temporary Restraining Order and Preliminary Injunction. I am personally knowledgeable of the matters set forth in this declaration and, if called upon to do so, I could and would competently testify as to the following facts set forth below.

2. I am an author who creates written, pictorial, and three-dimensional works predominantly relating to firearms and the right to bear arms.

3. I own and operate the website Ctrlpew.com, where I publish and link to many of my works.

4. On February 18, 2026, I received a copy of the complaint that the Defendants in this action filed against me in San Francisco, California, in the mail.

5. Because Defendants have threatened me with civil and criminal penalties related to my written, pictorial, and three-dimensional works, I have ceased publishing any new works relating to firearms or the right to bear arms.

6. I have never designed or published on my website any files relating to machinegun conversion devices. The most I have ever done on my website is indicate that they exist.

7. My three-dimensional works have expressive value not just in their ability to communicate how a gun looks to other gun designers and gun enthusiasts, many of whom appreciate their modern aesthetics, but in their use for education (in learning how guns work, and how they are made), research (in studying material science, engineering, and structures technology), historical interest (not just because of how guns are intrinsically intertwined with this nation's history, but that the specific three-dimensional works I create are part of a new chapter in the story of firearms history), as well as art and 3D animations depicting the firearm (which are generally entertaining for gun enthusiasts to look at, can convey a better understanding of how the guns work, and can instill a passion an interest in engineering and learning how things are made).

8. My written and pictorial works are expressive for similar reasons,

9. As an artist, I have a modest income, and am deeply chilled by the penalties Defendants threaten me with for my Florida-based speech.

10. But for Defendants' threats and mailings, I would continue publishing my works as usual.

11. None of my activities relating to the creation or publication of my works occur outside the state of Florida.

12. I do not direct any of my works to California nor do I target California viewers.

13. A substantial portion of my income is derived from my written and pictorial works, and from my website, CtrlPew.com.

14. On February 18, 2026, I became aware of Defendants' intent to disrupt my "websites and online profiles" through injunction in California.

15. If Defendants are able to disrupt the purely-Florida activity of my websites and online profiles, I will be unable to connect with my followers, and if I am unable to continue publishing regularly, I expect to lose a substantial amount of my audience, and therefore, my income.

16. In the following paragraphs, I will identify my creative choices for specific works identified in the Amended Complaint.

17. As for my modeling decisions generally, my articulation of geometry resists any crude subservience to function; instead, it operates as a sculptural thesis in spatial rhetoric. Proportion is deployed with an almost liturgical discipline, allowing the object to quietly assert ideological and cultural tensions through

its silhouette alone. What might be mistaken for engineering is, in truth, a carefully mediated authorship of form.

18. The inclusion of hidden details and easter eggs reflects a rejection of immediacy in favor of sustained engagement. The object becomes a site of excavation, where meaning is not presented but discovered, aligning it with traditions of art that privilege intellectual participation over passive viewing.

19. The Joshie Woshie 9 is one of my greatest works. The stylized portraiture and symbolic motifs function as an act of aesthetic misalignment. By invoking a visual language associated with anime and affective exaggeration, the work reframes its subject through a lens that is simultaneously reverent and subversive, collapsing sincerity into satire.

20. While my take of the Plastikov V4 grip is simple, the evocation of Soviet industrial design is executed as a deliberate historical dissonance. It appropriates the visual austerity of that era not to replicate it, but to expose its ideological weight when transplanted into a contemporary context, creating a quiet but persistent tension.

21. The Plastikov V4's structural reinforcement is rendered visible as a declarative gesture. Rather than concealing the weakness, the design foregrounds it, transforming necessity into a focal point and elevating durability into an aesthetic principle.

22. The juxtaposition of temporal design languages in the Plastikov operates as a controlled collision. It produces a layered reading where past and present

coexist uneasily, suggesting that design is not linear progression but recursive dialogue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of May, 2026, in Orlando, FL.

Alexander Holladay