Rob Bonta (SBN 202668)
Attorney General of California
NICKLAS A. AKERS (SBN 211222)
Senior Assistant Attorney General
MICHAEL E. ELISOFON (SBN 240707)
Supervising Deputy Attorney General
VESNA CUK (SBN 309157)
ANDREW J. WIENER (SBN 282414)
DANIEL DuBois (SBN 345123)
BRENDAN RUDDY (SBN 297896)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3782
  Fax: (415) 703-5480
  E-mail: vesna.cuk@doj.ca.gov

DAVID CHIU (SBN 189542)
San Francisco City Attorney
YVONNE R. MERÉ (SBN 175394)
Chief Deputy City Attorney
SARA J. EISENBERG (SBN 269303)
Chief of Complex and Affirmative Litigation
RONALD H. LEE (SBN 238720)
Asst. Chief of Complex and Affirmative
Litigation
KARUN A. TILAK (SBN 323939)
Deputy City Attorney
  Fox Plaza
  1390 Market Street, 7th Floor
  San Francisco, CA 94102-5408
  Telephone: (415) 355-3308
  Fax: (415) 437-4644
  E-mail: karun.tilak@sfcityatty.org
*Attorneys for Plaintiff*
*The People of the State of California*

[EXEMPT FROM FILING FEES
PURSUANT TO GOVERNMENT CODE
SECTION 6103]

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**02/09/2026**
**Clerk of the Court**
BY: EDWARD SANTOS
**Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>GATALOG FOUNDATION INC., a Florida corporation; CTRLPEW LLC, a Florida limited liability company; ALEXANDER HOLLADAY; MATTHEW LAROSIERE; JOHN ELIK AKA "Ivan The Troll"; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CGC-26-633508<br><br>**PLAINTIFF PEOPLE OF THE STATE OF CALIFORNIA'S NOTICE OF APPLICATION AND APPLICATION FOR COMPLEX DESIGNATION**<br><br>Date Filed:   Feb. 6, 2026<br>Trial Date:   None set |

1

## NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to California Rules of Court, rule 3.403(b), and San Francisco Superior Court Local Rules, rule 3.5(C)(2), Plaintiff the People of the State of California ("People") seeks an Order from this Court designating the above-captioned civil case as a "complex case" under California Rules of Court, rule 3.400 et seq., and assigning the case to the Court's Complex Civil Litigation Departments.  This application is made on the grounds that this case will require exceptional judicial management to avoid placing unnecessary burdens on the Court or the litigants, and to expedite the case, keep costs reasonable, and promote effective decision-making by the Court, the parties, and counsel.  (Cal. Rules of Court, rule 3.400, subd. (a).)  This application is based on this Notice and Application and all pleadings and papers on file in this action.  Defendants have not yet appeared in this action.

## APPLICATION FOR COMPLEX DESIGNATION

This civil enforcement action seeks to hold Defendants accountable for their intentional violations of unambiguous California public-safety law regulating 3D-printed firearms, commonly called "ghost guns."  This enforcement action should be designated as a "complex case" under California Rules of Court, rule 3.400, because "exceptional judicial management" would manifestly facilitate timely, efficient resolution of the case.  Specifically, complex management is necessary because the action will involve: (1) extensive pre-trial motion practice surrounding the People's planned preliminary injunction motion and oversight of any court-ordered injunction; (2) extensive discovery concerning the scale of Defendants' alleged misconduct, which involves an array of contraband firearm designs and distribution of contraband across the internet; and (3) Court oversight and supervision of a permanent injunction should judgment be entered against Defendants.

### I.   BACKGROUND

On February 6, 2026, the People, by and through California Attorney General Rob Bonta and San Francisco City Attorney David Chiu filed this action against Defendants Gatalog Foundation, Inc., CTRLPew LLC, Alexander Holladay, Matthew Larosiere, and John Elik.

2

As alleged in the People's complaint, the proliferation of ghost guns—untraceable firearms that lack serial numbers—poses a major public safety problem in California. (Compl. ¶¶ 33–36.) 3D printed ghost guns, which are produced using cheap, consumer-grade 3D printers and filament, are a growing subset of ghost guns, and have been linked to numerous crimes in California. (*Id.* ¶¶ 37, 46–49.) The People allege that Defendants intentionally and illegally disseminate computer code and instructions for 3D printing firearms and prohibited firearm accessories over the Internet into California. (*Id.* ¶¶ 53–83.) Defendants do so through two websites, thegatalog.com and ctrlpew.com, and through their online profiles on a third-party platform called Odysee. (*Id.* ¶¶ 53–62, 84–92.) Using a computer located in San Francisco with a California-based IP address, the People downloaded computer code files for 3D printing over 150 different models of firearms and dangerous firearm accessories made available by Defendants. (*Id.* ¶ 79.) And the People used the computer code, and Defendants' step-by-step instructions, to produce a fully functioning handgun modeled after a Glock 19 handgun in approximately eight hours. (*Id.* ¶¶ 80–83.)

The People allege that Defendants' conduct violates recently enacted California laws intended to protect the public from the scourge of ghost guns. (*See id.* ¶¶ 97–105.)

First, Civil Code section 3273.61 prohibits knowingly distributing or causing to be distributed "digital firearm manufacturing code" to persons in California who are not licensed or a member of law enforcement or the military. Digital firearm manufacturing code is defined as "any digital instructions in the form of computer-aided design ["CAD"] files . . . or other code or instructions stored and displayed in electronic format as a digital model that may be used to program . . . a three-dimensional printer . . . to manufacture or produce" a firearm, firearm accessory, or certain related firearm products. (Civ. Code § 3273.60, subd. (a).) As of January 1, 2026, there is a rebuttable presumption that a person who owns or participates in the management of an internet website or other electronic portal, database, or platform that makes digital firearm manufacturing code available has violated the law if: (1) the code is made available for download or other distribution to unlicensed individuals in California, and (2) "[u]nder the totality of circumstances," the website or other electronic portal, database, or platform encourages visitors to

3

use the code to manufacture firearms or firearm accessories. (Civ. Code § 3273.61, subd. (f).) The People allege that Defendants' computer code meets the statutory definition of digital firearm manufacturing code. The People further allege that Defendants violate the law by knowingly distributing this code or knowingly causing the code to be distributed through their websites and online profiles—which permit the download of the code by unlicensed individuals in California and which encourage users to utilize the code to manufacture firearms and prohibited accessories, including by providing detailed step-by-step instructions.

Second, Civil Code section 3273.625(a)—which went into effect on January 1, 2026—makes it unlawful to "knowingly, willfully, or recklessly aid, abet, promote, or facilitate the unlawful manufacture of firearms," including the manufacture of a firearm using a 3D printer by an individual not licensed to manufacture firearms and the manufacture of accessories such as auto-sears and large-capacity magazines. (*See* Civ. Code § 3273.625, subd. (b); Pen. Code § 29186, subd. (b).) The People allege that Defendants' distribution of digital firearms code and accompanying instructions aids, abets, promotes, and facilitates the unlawful manufacture of firearms, and that Defendants act knowingly, willfully, or recklessly, at a minimum because they are aware of the substantial risk that their codes are being downloaded in California.

Finally, the People allege that Defendants violate the Unfair Competition Law ("UCL"), (Bus. & Prof. Code § 17200 *et seq.*), based on Defendants' violations of Civil Code sections 3273.61 and 3273.625.

The People seek injunctive relief, civil penalties, and disgorgement. As discussed further below, the People anticipate moving for a preliminary injunction in short order.

## II.    ARGUMENT

### A.  Legal Standard

California Rules of Court, rule 3.400(a), defines a "complex case" as "an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel." California Rules of Court, rule 3.400(b), sets forth

the following five factors that a court may consider in deciding whether an action is a complex case:

1) Numerous pretrial motions raising difficult or novel legal issues that will be time consuming to resolve;
2) Management of a large number of witnesses or a substantial amount of documentary evidence;
3) Management of a large number of separately represented parties;
4) Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; or
5) Substantial post judgment judicial supervision.

The presence of each factor is not necessary for a case to be designated complex; a single factor can be sufficient to merit complex designation. (*See Ford Motor Warranty Cases* (2017) 11 Cal. App. 5th 626, 641 (citing *Thayer v. Wells Fargo Bank* (2001) 92 Cal. App. 4th 819, 835, fn. 8).) Here, complex designation is warranted because the Court will likely need to resolve numerous, time-consuming pretrial motions raising difficult or novel legal issues. Management of a large number of witnesses and a substantial amount of documentary evidence and substantial post judgment judicial supervision are also likely to be necessary.

**B. Pretrial Motions Will Likely Involve Novel Legal Issues that Will be Time Consuming to Resolve**

The People's case is the first to seek to enjoin the unlawful distribution of digital firearm manufacturing code to California. The statutes at issue—Civil Code sections 3273.61 and 3273.625   while unambiguous in their prohibitions, have not previously been enforced. Section 3273.625 and the rebuttable presumption in section 3273.61 just went into effect on January 1 of this year.

This case is likely to involve a number of pre-trial motions. Most immediately, the People anticipate moving in short order for a preliminary injunction to enjoin Defendant from continuing to disseminate digital firearm manufacturing code into California. The People anticipate that the motion may require significant judicial attention given the novel technology at issue and newly enacted statutes, which have yet to be applied. Defendants are likely to raise an array of constitutional and other defenses in opposition to the People's motion. While meritless, these defenses may also require additional attention from the Court.

In addition, the People anticipate that additional motions practice may be necessary that would benefit from complex judicial management.

First, should the People succeed in obtaining a preliminary injunction, they may need to effectuate the injunction through third parties, including the Internet service providers supporting Defendants' websites and online profiles through which Defendants distribute digital firearm manufacturing code.

Second, while the People believe they have identified the relevant individuals and corporate Defendants responsible for operating Defendants' websites and online profiles, the websites and profiles at issue on their face provide limited ownership information. When posting digital firearm manufacturing codes, Defendants also sometimes identify individual code developers only by screennames.[1] The People have therefore named Doe defendants and may need to seek discovery—including third party discovery from Odysee and Internet service providers—in order to identify any other individuals associated with the websites. The People may also seek discovery into Defendants' operations and the technological capabilities of their websites and Odysee profiles. It is likely that such discovery will be disputed. In other cases involving some of the Defendants here, they have aggressively opposed discovery into their operations and the identity of individuals involved in the operation of their websites. (*See, e.g.,* Dkts. 80, 96, 99, 176, *Larosiere v. Wilson*, 24-cv-01628 (M.D. Fla. filed Sept. 6, 2024) [case involving Matthew Larosiere, Alex Holladay, and John Elik as plaintiffs and counter-defendants alleging claims related to Gatalog digital firearm manufacturing code]; Dkts. 35, 70, 71, 73, *Everytown for Gun Safety Action Fund, Inc. v. Defcad Inc.*, 1:21-cv-08704 (S.D.N.Y. filed Oct. 22, 2021) [action brought against, *inter alia*, one of Gatalog's Odysee profiles, for distributing digital firearm manufacturing code infringing on plaintiff's intellectual property].)

Third, notwithstanding Defendants' extensive purposeful availment of California—which includes, among other things, making available for download digital firearm manufacturing code

---

[1] For example, Defendant Elik goes by the screenname "Ivan the Troll." It was not until late 2024 that "Ivan the Troll" was publicly identified as Elik. *See* "He's Known as 'Ivan the Troll.' His 3D-Printed Guns Have Gone Viral," New York Times (Sept 10, 2024), https://www.nytimes.com/2024/09/10/world/europe/ivan-troll-3d-printed-homemade-guns-fgc9.html

specifically directed at California, and selling merchandise targeted to California (*see* Compl. ¶¶ 24, 69, 91)—Defendants may contest personal jurisdiction before this Court, as they have done in other cases. (*See, e.g.*, Dkt. 71, *Larosiere v. Wilson*, 24-cv-01628 (M.D. Fla.); Dkt. 115, *Everytown v. Defcad, Inc.*, 1:21-cv-08704 (S.D.N.Y.).)

Accordingly, California Rules of Court, rule 3.400(b)(1), supports designating the case as complex, which is alone is sufficient to designate this action as complex.

### C. This Case Will Likely Involve a Large Number of Witnesses and a Substantial Amount of Documentary Evidence

While the misconduct alleged is straightforward, the vast scale of this misconduct, which involves over 130 designs for 3D printed firearms and over a dozen designs for 3D printed firearm accessories and the distribution of digital manufacturing code across three different websites, will likely result in a large number of witnesses and a substantial amount of documentary evidence. Accordingly, for this reason too, this case would benefit from complex judicial management.

For example, in support of their forthcoming motion for a preliminary injunction, the People anticipate submitting declarations from numerous percipient and expert witnesses: (1) two fact witnesses who will provide testimony about how Defendants' websites are organized and how Defendants make files available for download into California; (2) an expert in mechanical engineering who will explain 3D printing technology and demonstrate how Defendants' digital firearm manufacturing code is used to program a 3D printer; (3) a special agent of the California Department of Justice, Bureau of Firearms, who used a firearm frame 3D printed with Defendants' computer code and followed the step-by-step instructions provided by Defendants to assemble a fully functioning firearm; and (4) several law enforcement officers who will describe the vast harm to public safety caused by ghost guns. The People also anticipate submitting as exhibits numerous web captures reflecting examples of Defendants' websites. The People also anticipate submitting at least one example of the digital firearm manufacturing code and instructions themselves, which given the threat these files pose to public safety, the People would

propose to file under seal. At trial, the People would anticipate additional witnesses and extensive documents to prove Defendants' extensive violations of law.

In sum, California Rules of Court, rule 3.400(b)(2), also supports designating this case as "complex."

### D. This Case Will Likely Involve Substantial Post-Judgment Supervision

The People seek to permanently enjoin Defendants' misconduct, which would require significant post-judgment supervision by the Court. (*See* California Rules of Court, rule 3.400(b)(5).) Specifically, the People seek an order restraining Defendants from distributing digital firearm manufacturing code into California. Defendants operate two inter-related websites and at least nine Odysee profiles through which they distribute digital firearm manufacturing code and which will need to be monitored for compliance with any preliminary or permanent injunction. As discussed above, the People may also need to effectuate the judgment through non-party Internet service providers and social media platforms.

What's more, the People anticipate that Defendants may take steps to dodge any injunction, including by creating new websites or new screennames to distribute code, and that there may be post-judgment motions practice to enforce any judgment. Indeed, Defendants are openly hostile to firearms regulations and actively encourage the violation of gun control laws like those the People seek to enforce in this case. (*See* Compl. ¶¶ 79, 92.) For example, one of Defendants' websites sells merchandise urging users to "Go and make it. Print one of everything. Laugh on the grave of gun control." (*Id*. ¶ 92.) One of Defendants' firearm designs, the FGC-9—which has been linked to violent criminals and extremists—is short for "F*** Gun Control." (*Ibid*.) Given Defendants' clear disdain for firearm regulations, the People reasonably expect that Defendants may attempt to evade any order from this Court holding Defendants accountable for violating California law.

California Rules of Court, rule 3.400(b)(5), therefore provides another independent basis for designating this case as complex.

## III.    CONCLUSION

For these reasons, the People respectfully request this action be designated a "complex case" under California Rules of Court, rule 3.400.

Respectfully submitted,

Dated:  February 9, 2026

ROB BONTA
Attorney General of California

By:  */s/ Vesna Cuk*
VESNA CUK
Deputy Attorney General

Dated:  February 9, 2026

DAVID CHIU
City Attorney of San Francisco

By:  */s/ Karun A. Tilak*
KARUN A. TILAK
Deputy City Attorney

*Attorneys for Plaintiff*
*The People of the State of California*

PEOPLE'S APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION
(Case No. CGC-26-633508)