UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC, ALEXANDER
HOLLADAY, CENTURION PARTNERS
GROUP, LLC, JONATHAN ADAMS, and
TREY BICKLEY,

*Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

*Defendants*.

_____/

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

i

Plaintiffs respectfully respond to the Court's May 13, 2026 Order to Show Cause. (Doc. 41). The Court directed Plaintiffs to show cause why this case should not be dismissed under Local Rule 3.10 for failure to file a Case Management Report within the time required by Local Rule 3.02(b).

Dismissal is not warranted. Plaintiffs have actively prosecuted this case, the missed Case Management Report deadline was inadvertent. Plaintiffs promptly attempted to cure the omission once the Court entered its Order, and Eleventh Circuit authority strongly disfavors dismissal for a curable case-management error absent extraordinary circumstances.

## I. The Failure to Timely File the Case Management Report Was Inadvertent

Plaintiffs acknowledge that the Case Management Report was not filed within the time prescribed by Local Rule 3.02(b). That omission was the undersigned's error. It was not willful, strategic, dilatory, or the product of any intent to disregard the Local Rules or delay this action.

Plaintiffs do not raise counsel's prior experience to shift responsibility to the Court, but to candidly explain how the deadline was overlooked. The undersigned's prior experience practicing in this district led him to expect that the Court would set its own case management order *sua sponte*. Plaintiffs recognize that Local Rule 3.02 places the obligation on the parties to confer and file the Case Management Report using the Court's standard form and that their counsel made an error.

Counsel also mistakenly believed that the filing of the amended complaint reset the relevant case-management deadline. Counsel now recognizes that Local

1

Rule 3.02(b) governed the deadline. The missed deadline was therefore the result of an inadvertent misunderstanding, not a failure to prosecute.

## II.    PLAINTIFFS HAVE ACTIVELY PROSECUTED THIS CASE

Plaintiffs filed the original complaint on February 11, 2026. (Doc. 1). Plaintiffs promptly served Defendants. (Docs. 5, 6). Plaintiffs moved for temporary injunctive relief. (Doc. 7). Plaintiffs filed an amended complaint. (Doc. 34). Plaintiffs also filed a motion for preliminary injunction supported by declarations and exhibits. (Doc. 42). That record is inconsistent with abandonment, lack of prosecution, or any intent to delay. Plaintiffs' failure to timely file the Case Management Report was an isolated procedural omission in an otherwise actively litigated case.

## III.    PLAINTIFFS PROMPTLY ATTEMPTED TO CURE THE OMISSION

Plaintiffs acted promptly once the Court entered the Order to Show Cause. Plaintiff submits the following to explain why a CMR has still not been filed: Plaintiffs respectfully note that the delay in completing the Case Management Report after entry of the Order to Show Cause was not caused by Plaintiffs. On May 13, the same day the Order was entered, Plaintiffs' counsel contacted Defendants' counsel regarding the need to confer and complete the Court's standard Case Management Report. Defendants scheduled a telephonic conference for May 15.

During that conference, Defendants declined to set any case-management dates, taking the position that no scheduling order should be entered until their anticipated motion to dismiss the amended complaint is resolved. Plaintiffs offered to accept any dates Defendants wished to propose. Defendants still declined to provide dates. Only after Plaintiffs advised that they would need to inform the Court of

2

Defendants' refusal to confer on dates did Defendants indicate that they would circle back with proposed dates.

On May 19, Defendants then circulated language that, in Plaintiffs' view, converted the standard Case Management Report into a motion to stay discovery, and did not provide the information the court ordered in the standard form. Plaintiffs objected that the parties should file the standard Case Management Report required by Local Rule 3.02 and that any request to stay discovery should be presented separately and in the proper procedural posture. Defendants disagreed. On May 21, Plaintiffs again advised that, absent agreement to submit the standard form, Plaintiffs would need to inform the Court of the impasse.

Defendants then ultimately agreed to proceed with the standard form, asking the undersigned to prepare a final version for circulation. Plaintiffs have circulated the final version and are awaiting Defendants' approval so that it may be filed.

## IV.  DISMISSAL WOULD BE DISPROPORTIONATE AND CONTRARY TO ELEVENTH CIRCUIT PRECEDENT

Dismissal is a drastic sanction and is not warranted here. The Eleventh Circuit's decision in *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, is particularly instructive. 41 F.3d 1454 (11th Cir. 1995). There, the district court dismissed a case after the plaintiff failed to file a joint scheduling report and failed to respond to show-cause orders. *Id*. at 1455. The Eleventh Circuit reversed because the district court had not made the findings required before imposing dismissal: a clear pattern of delay or willful contempt and a finding that lesser sanctions would not suffice. *Id*. at 1456–57. Here, Plaintiffs have responded to the Court's Order, have

3

actively prosecuted the case, and have already taken steps to cure the missed Case Management Report.

Other Eleventh Circuit decisions confirm the same rule. In *Kilgo v. Ricks*, the court held that dismissal with prejudice requires "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." 983 F.2d 189, 192 (11th Cir. 1993). "Mere delay will not suffice," and "simple negligence does not warrant dismissal." *Id*

The case remains in its early stages. Defendants have received extensions of time to respond to the pleadings. (Docs. 21, 40). Plaintiffs have moved forward with the litigation, including by filing an amended complaint and a motion for preliminary injunction. (Docs. 34, 42).

## V.   THE COURT SHOULD DISCHARGE THE ORDER TO SHOW CAUSE

Plaintiffs respectfully submit that they have shown both due diligence and just cause under Local Rule 3.10. Counsel regrets the oversight, but the mistake was inadvertent, and readily curable. Plaintiffs have actively prosecuted this case and promptly attempted to complete the Case Management Report after entry of the Court's Order.

Dismissal would be disproportionate and inconsistent with Eleventh Circuit precedent. At most, the circumstances warrant allowing the parties to promptly file the Case Management Report, or, if Defendants do not approve the circulated form, allowing Plaintiffs to file a notice advising the Court of the impasse and attaching Plaintiffs' proposed dates.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court discharge the Order to Show Cause, and permit the parties to file the Case Management Report promptly. If Defendants do not approve the circulated Case Management Report, Plaintiffs request leave to file a notice advising the Court of the impasse and attaching Plaintiffs' proposed case-management dates, or such other relief as the Court deems just and proper.

DATED: May 26, 2026

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar № 1005581
The Law Offices of Matthew Larosiere.
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
Lead Counsel for Plaintiffs

5

## CERTIFICATE OF SERVICE

I hereby certify that on the date noted below, the foregoing document was filed with this Court's ECF system, which generated a notice of filing, and a true and correct copy of the foregoing Motion was emailed to the following counsel for Defendants:

VESNA CUK
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3782
Fax: (415) 703-5480
E-mail: vesna.cuk@doj.ca.gov

KARUN A. TILAK
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
Telephone: (415) 355-3308
Fax: (415) 437-4644
E-mail: karun.tilak@sfcityatty.org

May 26, 2026

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*

6