UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| CTRLPEW LLC *et al.*,<br><br>                              Plaintiffs,<br><br>         v.<br><br>DAVID CHIU, in his official capacity as San Francisco City Attorney, and ROB BONTA, in his official capacity as Attorney General of California,<br><br>                              Defendants. | Case No.: 6:26-cv-340-PGB-RMN |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Contrary to the assertions in Plaintiffs' opposition, *see* ECF No. 50 ("MTD Opp.") at 6, 11, the Seventh Circuit's decision in *American Academy of Pediatrics v. Uthmeier*, 178 F.4th 1113 (7th Cir. 2026) ("*AAP*") does not support applying the "bad faith" exception to *Younger* abstention or exercising personal jurisdiction over Defendants.

As an initial matter, the Seventh Circuit recently vacated the panel decision in *AAP* and stayed the district court's preliminary injunction. *See* Dkt. No. 34, 7th Cir. Case No. 26-2238 (July 8, 2026). Thus, *AAP* is no longer controlling precedent in the Seventh Circuit, *United States v. Carmel*, 548 F.3d 571, 579 (7th Cir. 2008), and has limited persuasive authority, *Nabozny*

1

*v. Optio Solutions, LLC*, 583 F. Supp. 3d 1209, 1214 (W.D. Wisc. 2022).  In any event, *AAP* is clearly distinguishable from this case as discussed below.

**I.      The "Bad Faith" Exception to *Younger* Does Not Apply**

*AAP* does not support application of the "bad faith" exception to *Younger* here. The "bad faith" exception applies in "special circumstances" where a plaintiff makes a substantial allegation of actual bad faith. *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (citing *Younger v. Harris*, 401 U.S. 37, 48 (1971)). Courts "distinguish between cases where charges are brought to target protected conduct and those where 'the only constitutional issue at stake is the validity of the challenged state [charges].'" *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 912 (11th Cir. 2023) (quoting *Wilson v. Thompson*, 593 F.2d 1375, 1382-83 (5th Cir. 1979)). The latter category does not implicate the bad faith exception. *Id.* Bad faith does not exist merely because a plaintiff is sued in state court pursuant to an allegedly unconstitutional statute—even when the state court enforcement allegedly chills their First Amendment rights. *See Younger*, 401 U.S. at 50-52; *Hicks v. Miranda*, 422 U.S. 332, 352 (1975). Bad faith requires specific allegations of "retaliatory or deterrent purpose," *Wilson*, 593 F.2d at 1386, such as where officials "use prosecutions, *regardless of their outcome*, as instrumentalities for the suppression of speech," *id.* at 1383 (citation omitted).

Under this standard, *AAP* does not support a finding of bad faith in this

2

case. In *AAP*, the Florida AG sued AAP in state court for its advocacy of gender affirming care. In its federal court lawsuit, AAP did *not* challenge the constitutionality of the statutes under which it was sued, but rather claimed that the prosecution was initiated because of AAP's advocacy. In upholding the district court's finding of bad faith, the Seventh Circuit panel emphasized that the Florida AG brought the lawsuit for the express goal of obtaining the "dissolution" or "reorganization" of AAP, causing AAP financial harm, and "end[ing]" gender affirming care nationwide "for once and for all." *AAP*, 178 F.4th at 1118. The Florida AG also delayed prosecuting the action for several months and brought claims that were facially deficient. *Id.* at 1125-26; *see also AAP v. Uthmeier*, No. 26 C 2401, 2026 WL 1552734, at *18 (N.D. Ill. June 2, 2026) (noting "significant weakness . . . on [the] face" of the Florida AG's complaint). On these detailed facts, the panel found that the Florida AG filed the state case to retaliate against AAP.

No analogous "substantial allegation" of bad faith exists here. Defendants seek targeted California-specific relief tailored to address California-specific harms, *see, e.g.*, FAC Ex 3 at p. 19—not the nationwide relief sought in *AAP*. Unlike the Florida AG's months-long delay, Defendants have prosecuted the California action diligently. *See* FAC Exs. 3-4. And unlike in *AAP*, Plaintiffs here disclaim a desire to enjoin the prosecution entirely, but instead claim that they are only seeking adjudication of whether

3

the statute is unconstitutional as applied to their code. FAC ¶¶ 2-5, Prayer for Relief; *cf. AAP*, 178 F.4th at 1119 (AAP sought to protect "right not to be subjected to bad-faith prosecution in the first place").[1]

Plaintiffs' allegations therefore stand in sharp contrast to the facts supporting bad faith in *AAP*. They are instead the kind of garden-variety claim—that enforcement of a state law in state court is unconstitutional as applied to plaintiffs' conduct—to which *Younger* abstention regularly applies. *Wilson*, 593 F.2d at 1382 (*Younger* presumes that the "constitutional issue at stake is the validity of the challenged state law—that *being prosecuted* under an arguably (or actually) invalid law is not itself a violation"); *see Younger*, 401 U.S. at 39, 51-52 (requiring abstention despite allegation that prosecution inhibited free speech rights, and holding that chilling effects do not prevent the State from "enforcing [its] laws against socially harmful conduct that the State believes in good faith to be punishable").

## II.   The Court Lacks Personal Jurisdiction Over Defendants

*AAP* also does not support the exercise of personal jurisdiction over Defendants. *AAP* has no bearing on the application of Florida's long-arm statute, which—unlike the Illinois long-arm statute—is not coextensive with

---

[1] Plaintiffs claim their code is constitutionally protected. But the Court has noted that "this issue has been sparsely addressed by federal courts and is a question of first impression in the Eleventh Circuit"—a far cry from the facial weaknesses in *AAP*. ECF No. 10 at p. 4.

the Due Process Clause. *Cf. AAP*, 178 F.4th at 1120. Pursuant to the consistent authority cited in Defendants' motion, MTD at pp. 17-18, Plaintiffs do not meet the requirements of Florida's long-arm statute.

With respect to due process, *AAP* is also unpersuasive. The Florida AG's state court action expressly sought extraterritorial, nationwide relief, including asking the court to order the dissolution of AAP and the forfeiture of its charter in Illinois. 178 F.4th at 1118, 1121. And he defined the relevant market for purposes of his antitrust claim to extend to AAP's allegedly misleading statements nationwide. *Id.* at 1121. Thus, the Seventh Circuit panel found that the exercise of personal jurisdiction was proper because the Florida AG intended to "block AAP's speech nationwide and to dissolve it and cause its operations to cease." *Id*. Here, in contrast Defendants' California action is focused on Plaintiffs' distribution of code into California and the harms of 3D printed ghost guns in California and seeks relief that is expressly geographically limited to California. *See, e.g.*, FAC Ex. 3 at p. 19; *cf.* 178 F.4th at 1121 (noting that the result might be different if the Florida AG sought "simply to limit the dissemination of AAP policy reports in Florida"). Thus, *AAP* does not support personal jurisdiction over Defendants.

### III.   Conclusion

Plaintiffs' complaint should be dismissed in its entirety for the reasons stated in Defendants' motion to dismiss. *AAP* does not suggest otherwise.

5

Dated: July 10, 2026

DAVID CHIU, City Attorney
YVONNE R. MERÉ, Chief Deputy City
Attorney
SARA J. EISENBERG, Chief of Complex &
Affirmative Litigation
KARUN TILAK, Deputy City Attorney

By:  */s/Karun A. Tilak*
KARUN A. TILAK\*
San Francisco City Attorney's Office
1390 Market St., 7th Floor
San Francisco, CA 94102
Telephone:  (415) 355-3308
Email:        karun.tilak@sfcityatty.org

*Attorneys for Defendant David Chiu in his
official capacity as San Francisco City Attorney*

\*admitted pro hac vice


ROB BONTA, Attorney General of California
ANYA M. BINSACCA
CHARLES J. SAROSY, Supervising Deputy
Attorneys General
KRISTIN A. LISKA, Deputy Attorney General

By:  */s/ Kristin A. Liska*
KRISTIN A. LISKA\*
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3916
 E: mail:      Kristin.Liska@doj.ca.gov

*Attorneys for Defendant Rob Bonta in his
official capacity as Attorney General of
California*

 \*admitted pro hac vice

6