UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CTRLPEW LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID CHIU, in his official capacity as San Francisco City Attorney, and ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendants. | Case No.: 6:26-cv-340-PGB-RMN |

## **DEFENDANTS' MOTION TO STAY DISCOVERY**

## **INTRODUCTION**

Defendants Attorney General Rob Bonta and San Francisco City Attorney David Chiu seek a stay of discovery pending resolution of their case-dispositive motion to dismiss, in light of discovery requests recently served by Plaintiff Jonathan Adams.  After Defendants filed an action against Plaintiffs Ctrlpew, LLC ("CtrlPew") and Alexander Holladay in California Superior Court seeking to enforce certain California laws, Plaintiffs filed the present lawsuit asking this Court to enjoin Defendants from enforcing those exact California laws against them.  Defendants have moved to dismiss this action in its entirety, on the basis that this Court lacks jurisdiction over this matter pursuant to

1

*Younger* abstention and lacks personal jurisdiction over the Defendants, and that Plaintiffs Adams, Trey Bickley, and Centurion Partners Group, LLC ("Centurion") lack standing.

Five days after Defendants filed their reply in support of their motion to dismiss, Plaintiff Adams served requests for production, requests for admission, and interrogatories on Defendants. Defendants sought to negotiate an extension of time to respond to those requests for 90 days pending the Court's ruling on the motion to dismiss. Plaintiffs have refused to grant any such extension. Consequently, Defendants now move to stay discovery pending the Court's resolution of their motion to dismiss. A short stay of discovery is appropriate because Defendants' motion to dismiss raises challenges to this Court's jurisdiction and will resolve this case in full—thereby eliminating the need for any discovery in this matter—and Plaintiffs will suffer no prejudice from delaying discovery briefly.

## BACKGROUND

Plaintiffs initiated this suit on February 11, 2026, *see* ECF No. 1, and shortly thereafter filed a motion for a temporary restraining order on February 20, 2026, *see* ECF No. 7, which this Court denied on February 27, 2026, *see* ECF No. 10. After the defendants moved to dismiss this action on April 10, 2026, *see* ECF No. 33, plaintiffs filed an amended complaint on May 1, 2026, *see* ECF No. 34. Defendants once more moved to dismiss this case on June 5,

2

2026, arguing that this Court lacks subject matter jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and lacks personal jurisdiction over the Defendants, and that Plaintiffs Adams, Bickley, and Centurion lack standing. *See generally* ECF No. 47 ("MTD").  Defendants' motion to dismiss was fully briefed with the filing of Defendants' reply brief on July 10, 2026, *see* ECF No. 54.  Also currently pending is Plaintiffs' motion for a preliminary injunction, filed on May 26, 2026, *see* ECF No. 42, and fully briefed as-of June 9, 2026, *see* ECF No. 48.[1]  Prior to the filing of Defendants' motion to dismiss, the Court entered a schedule for discovery on June 3, 2026.  *See generally* ECF No. 46.  Fact discovery is currently set to close on April 5, 2027, with dispositive motions due by May 13, 2027.  *See id.*  The parties exchanged their initial disclosures on July 6, 2026.

On July 14 and 15, 2026, Plaintiffs served their first round of discovery on Defendants.[2]  Tilak Decl. ¶¶ 4-5.  Defendants' responses to this round of discovery are currently due on August 14, 2026.  On July 21, 2026, counsel for the San Francisco City Attorney contacted counsel for Plaintiffs on behalf of both Defendants regarding extending the time to respond to these discovery

---

[1] Defendants opposed Plaintiffs' preliminary injunction motion on the same grounds as their motion to dismiss—i.e., *Younger* abstention and a lack of personal jurisdiction.

[2] Counsel for plaintiff emailed the discovery requests for the Attorney General not to counsel of record in this matter, but to another attorney within the Attorney General's Office who has never appeared in this case and is not involved in this matter.  This attorney forwarded the discovery requests to the counsel of record in this matter.

requests given the currently-pending dispositive motion to dismiss. *Id.* ¶ 13. Defendants proposed the parties agree to a 90-day extension of time to respond to the discovery requests, through November 12, 2026, to provide the Court time to resolve the pending dispositive motion to dismiss before commencing discovery that may be unnecessary. *Id.* Defendants further proposed that the parties meet 60 days after the responses were originally due (on October 13, 2026) to discuss how to move forward with discovery in the event the Court had not resolved the pending motion by that time. *Id.* The parties met and conferred on the subject of a 60-90 day extension on July 27, 2026. *Id.* ¶ 14. Plaintiffs' counsel declined to grant the requested extension (or any extension) to await the Court's ruling on the pending motion to dismiss. *Id.* ¶ 15. In light of Plaintiffs' unwillingness to extend the time to respond to the current discovery requests in light of the pending motion, Defendants now move to stay discovery in this matter.

## LEGAL STANDARD

District courts retain broad discretion to manage their cases, including in granting stays of discovery in pending matters. *E.g.*, *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."

4

*Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2023) (citation omitted). "Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019).

## ARGUMENT

### I.    A Stay of Discovery Is Appropriate Because the Pending Motion to Dismiss Raises Dispositive Jurisdictional Issues

A stay of discovery is appropriate in this matter. While "a pending motion to dismiss, alone, is not a basis to delay discovery," *David v. United States*, No. 8:19-cv-2591-T-36JSS, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020), such a stay is proper "where a pending motion may dispose of the entire action," *Skuraskis* , 717 F. Supp. 3d at 1228; *see also, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."); *Cabrera*, 331 F.R.D. at 186 ("As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal.").

That is particularly so when a motion to dismiss presents a purely legal question: "[c]ourts should resolve that kind of challenge before discovery because . . . 'neither the parties nor the court have any need for discovery before the court rules on the motion.'" *Zoghaib v. Societe Generale de Banque Au Liban*, No. 25-cv-20097, 2026 WL 943756, at *5 (S.D. Fla. Apr. 8. 2026) (quoting *Chudasama*, 123 F.3d at 1367). As the Eleventh Circuit has instructed, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage" to avoid "abusive discovery and . . . unnecessary costs." *Chudasama*, 123 F.3d at 1368.

This is precisely the situation presented here. Defendants have moved to dismiss the case in full because this Court lacks jurisdiction pursuant to *Younger* abstention and lacks personal jurisdiction over Defendants. Either of these defenses would result in this matter being dismissed in its entirety, which would obviate the need for any discovery and present good cause to stay discovery. *E.g.*, *Emerald Consulting Partners, LLC v. Messner Reeves LLP*, No. 8:25-cv-1915, 2026 WL 366647, at *3 (M.D. Fla. Feb. 10, 2026) (good cause to stay discovery in light of pending motion to dismiss for lack of personal jurisdiction); *George & Co. LLC v. Cardinal Indus., Inc.*, No. 2:18-cv-154, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019) (good cause to stay discovery in light of pending motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction).

6

Moreover, Defendants' arguments in their motion to dismiss call into question this Court's jurisdiction over this matter, particularly with respect to Defendants' *Younger* abstention argument. Courts have recognized that a stay of discovery is particularly appropriate when a motion to dismiss calls into question the court's jurisdiction over a case. *See, e.g.*, *Ofer v. Millan*, No. 24-cv-20888, 2024 WL 4273270, at *3 (S.D. Fla. Sept. 24, 2024) ("If a motion to dismiss raises 'potentially fatal pleading' and jurisdictional 'deficiencies,' staying discovery is warranted." (citation omitted)); *Serafine v. Abbott*, No. 1:20-cv-1249, 2021 WL 3616102, at *2 (W.D. Tex. May 12, 2021) ("Considering the jurisdictional nature of Slayton's motion to dismiss [on *Younger* abstention], good cause exists to stay discovery in this suit pending resolution of that motion.").[3] Indeed, allowing this discovery—which includes discovery into the California enforcement action, *see infra* at 8-9—to proceed while Defendants' motion to dismiss is pending raises the very comity concerns *Younger* seeks to protect. *Yelp, Inc. v. Paxton*, 137 F.4th 944, 957 (9th Cir. 2025) (where complaint failed to state adequate allegations that *Younger* exceptions applied, discovery was not warranted because "intrusive discovery of a state attorney general and his office about a case filed in state court . . . would pose comity concerns contrary to the tenor of *Younger* itself").

---

[3] Similarly, Defendants' motion to dismiss argues that Plaintiff Adams—who has served discovery—lacks standing. If Adams lacks standing to bring this suit, he certainly cannot invoke judicial process to require Defendants to respond to discovery.

When confronting a motion to stay discovery pending resolution of a dispositive motion, district courts will "take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997)).  A "preliminary peek" at Defendants' motion to dismiss makes clear the motion is truly case dispositive and clearly meritorious.

First, this case presents a classic example of when a district court lacks jurisdiction due to *Younger* abstention.  Plaintiffs do not dispute that an action was pending in the California Superior Court when they brought this case. Such an enforcement action is suitable for *Younger* abstention.  *See* MTD at 8 (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79-80 (2013)).  And this case—which seeks to prevent the application of the *exact same statutes* underlying the enforcement action to the *exact same conduct* at issue in that action—would clearly interfere with the ongoing state action.  *See id.* at 8-9.

Indeed, the very discovery requests that have been served illustrate the fact that this suit, at its core, seeks relief from the pending California enforcement action.  For example, virtually all of Plaintiffs' requests for admission seek information about Defendants' legal contentions and requested relief in the California case.  *See generally* Tilak Decl. Exs. A, B.  Defendants' requests for production also seek records about Defendants' investigative file

8

in the California case, the scope of relief in California, and Plaintiffs' ability to comply with any California court order while continuing to distribute code in Florida. *See, e.g.*, Tilak Decl. Ex. C, D at RFP Nos. 2, 4, 9-12. But this puts the cart before the horse; the California court has not issued *any* injunction, and Plaintiffs have an adequate forum in California to raise their concerns about the geographic scope of any remedy that court may issue in the future.

Second, as explained in Defendants' motion to dismiss, Defendants are clearly not subject to personal jurisdiction in Florida under either the Florida long-arm statute or constitutional due process principles: all of their case-relevant conduct—filing a lawsuit in California under California law that expressly seeks geographically-tailored relief to prevent distribution of digital firearm manufacturing code into California—occurred outside Florida. *See* MTD at 16-24.

Defendants have therefore raised "a basis for dismissal significant enough to warrant a stay of discovery," *Emerald Consulting Partners,* 2026 WL 366647, at *2—particularly in light of the jurisdictional nature of Defendants' arguments. *See also George & Co. LLC*, 2019 WL 1468514, at *1 (stay of discovery warranted where "significant possibility" that court will grant motion to dismiss (citation omitted)). And without such a stay, Defendants will be required to expend significant government resources to respond to pending

9

discovery requests already served upon them. All of this weighs strongly towards granting a stay here.

## II.    Plaintiffs Face No Prejudice From a Brief Stay

Nor will plaintiffs face any prejudice from a stay. The current deadline for close of discovery is April 2027, eight months from now, and any dispositive motions are due May 2027. There is ample time for the parties to engage in discovery following this Court's ruling, should the Court deny the motion to dismiss. And there is no risk that evidence will be lost or destroyed if discovery is delayed while the Court resolves the pending dispositive motion.

Furthermore, discovery is not necessary at this moment in time to permit the parties to effectively prosecute this matter. Plaintiffs face no briefing deadlines until next May, nine months from now, that would require discovery at this exact moment. And discovery is not necessary to permit this Court to resolve Defendants' motion to dismiss—making a stay of discovery particularly appropriate here. Critically, Defendants' *Younger* abstention argument raises a pure question of law that does not require any further factual development. *See, e.g., Segel v. Lefebvre*, No. 2:13-cv-01511, 2013 WL 12130553, at *2 (D. Nev. Nov. 14, 2013). Plaintiffs do not dispute that an action was pending in California Superior Court seeking to enforce California laws at the time this suit was brought. Nor can they dispute that the rules of court in California will permit the Plaintiffs who are parties to that action to raise their

10

constitutional challenges in the pending enforcement action should it proceed past their challenge to personal jurisdiction.

Similarly, because Plaintiffs have not stated a *prima facie* case of personal jurisdiction based on the allegations in the First Amended Complaint, discovery is not necessary. *See World Media All. Label, Inc. v. Believe SAS*, No. 24-12079, 2025 WL 2102017, at \*5 (11th Cir. July 28, 2025) (citing *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009)). And even if some of Plaintiffs' requests could be construed as related to personal jurisdiction,[4] discovery would still not be warranted at this stage because none of Plaintiffs' requests seeks any information that would bear on the applicability of *Younger*—which is independently dispositive. *See Serafine*, No. 1:20-cv-1249, 2021 WL 3616102, at \*2; *Skuraskis*, 717 F. Supp. 3d at 1228; *see generally* Tilak Decl. Exs. A-F. Ultimately, "a brief stay of discovery would not prejudice Plaintiff[s]—and should the case proceed, Plaintiff[s] will have ample opportunity to conduct discovery." *Skuraskis*, 717 F. Supp. 3d at 1231; *see also George & Co. LLC*, 2019 WL 1468514, at \*1 (stay of discovery appropriate as long as Plaintiff does not suffer "significant harm" (quotation marks and citation omitted)).

---

[4] While Plaintiffs may claim they seek discovery to establish personal jurisdiction, their discovery requests extend beyond that issue to reach the merits of this case. *See, e.g.*, Tilak Decl. Exs. A, B (requests for admission relating to legal contentions on the merits).

11

In sum, Defendants' motion to dismiss raises purely legal jurisdictional questions that would resolve this matter in full and obviate the need for any discovery. This Court has had the fully-briefed motion for less than a month and discovery does not close until next spring. Plaintiffs face no prejudice from a short delay in discovery pending resolution of the motion to dismiss. A stay of discovery would preserve the parties' resources by reducing the risk of unnecessary discovery without hindering the efficient resolution of this matter.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending resolution of Defendants' Motion to Dismiss the Amended Complaint.

## Local Rule 3.01(g) Certification

Undersigned counsel conferred with opposing counsel by videoconference platform on July 27, 2026. The Parties were unable to agree on resolution of the issues raised in the motion, and undersigned counsel expects that this motion will be opposed.

Dated: July 31, 2026                    DAVID CHIU, City Attorney
                                        YVONNE R. MERÉ, Chief Deputy City
                                        Attorney
                                        SARA J. EISENBERG, Chief of Complex
                                        & Affirmative Litigation
                                        KARUN TILAK, Deputy City Attorney
                                        JOEL F. WACKS, Deputy City Attorney

                                 By:  */s/Karun A. Tilak*
                                        KARUN A. TILAK*
                                        San Francisco City Attorney's Office
                                        1390 Market St., 7th Floor
                                        San Francisco, CA 94102
                                        Telephone:  (415) 355-3308
                                        Email:      karun.tilak@sfcityatty.org

                                        *Attorneys for Defendant David Chiu in*
                                        *his official capacity as San Francisco City*
                                        *Attorney*

                                        *admitted pro hac vice

13

ROB BONTA, Attorney General of
California
ANYA M. BINSACCA
CHARLES J. SAROSY, Supervising
Deputy Attorneys General
KRISTIN A. LISKA, Deputy Attorney
General

By: _/s/ Kristin A. Liska_____
KRISTIN A. LISKA*
California Department of Justice
Office of the Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: 619-321-5878

E: mail:     Kristin.Liska@doj.ca.gov

*Attorneys for Defendant Rob Bonta in his
official capacity as Attorney General of
California*

*admitted pro hac vice

14