UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| CTRLPEW LLC *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID CHIU, in his official capacity as San Francisco City Attorney, and ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendants. | Case No.: 6:26-cv-340-PGB-RMN |

## DECLARATION OF KARUN TILAK IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY

I, Karun Tilak, declare as follows:

1. I am over the age of eighteen. I have personal knowledge of the facts stated in this declaration, and, if called as a witness, I could and would testify competently to them.

2. I am counsel for Defendant San Francisco City Attorney David Chiu in this action.

3. I am also counsel for plaintiff the People of the State of California (the "People") in *People of the State of California v. Gatalog Foundation, Inc.*

1

*et al.*, S.F. Super. Ct. Case No. CGC-2-633508 (the "California enforcement action").

4.      On July 14, 2026 at 9:49 p.m. PT, Plaintiffs' counsel emailed me Plaintiff Jonathan Adams' discovery requests to Defendant San Francisco City Attorney David Chiu, which consisted of interrogatories, requests for production, and requests for admission.  The proofs of service on the requests indicated that they were served on July 15, 2026.

5.      I am informed that Plaintiffs' counsel also emailed discovery requests to the Attorney General's Office at the same time.  Those discovery requests were emailed to counsel for the State in the California enforcement action.  I am informed that they were subsequently forwarded to counsel for the Attorney General in the present case.

6.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff Jonathan Adams's First Requests for Admission to Defendant David Chiu.

7.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff Jonathan Adams's First Requests for Admission to Defendant Rob Bonta.

8.      Attached hereto as Exhibit C is a true and correct copy of Plaintiff Jonathan Adams's First Requests for Production to Defendant David Chiu.

2

9.      Attached hereto as Exhibit D is a true and correct copy of
Plaintiff Jonathan Adams's First Requests for Production to Defendant Rob
Bonta.

10.     Attached hereto as Exhibit E is a true and correct copy of
Plaintiff Jonathan Adams's First Set of Interrogatories to Defendant David
Chiu.

11.     Attached hereto as Exhibit F is a true and correct copy of
Plaintiff Jonathan Adams's First Set of Interrogatories to Defendant Rob
Bonta.

12.     On July 20, 2026, I emailed Plaintiffs' counsel requesting a meet
and confer on discovery.  Plaintiffs' counsel requested that we provide a
written summary of the subjects we planned to discuss.

13.     On July 21, 2026, I emailed Plaintiffs' counsel explaining that
Defendants proposed a 90-day extension of the deadline to respond to
discovery in light of the pending motions to dismiss and for a preliminary
injunction.  I further explained that Defendants would be prepared to meet
and confer in 60 days to discuss next steps if the Court has not ruled on the
pending motions by then.

14.     The parties met and conferred by videoconference on July 27,
2026.  Defendants' counsel outlined their position that an extension of
between 60 and 90 days would allow time for a ruling on the pending

3

motions, that this would conserve the parties' resources, and that a brief extension would still enable Plaintiffs to obtain discovery within the schedule set by the Court if the case ultimately proceeds.

15.    Plaintiffs' counsel declined to agree to Defendants' requested extension.  Plaintiffs' counsel indicated his position that no extension was warranted for the purpose of awaiting the Court's ruling on the motion to dismiss.

16.    Plaintiffs' counsel indicated that he would consider granting a short extension for any other purpose.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of June 2026, in San Francisco, California.

*/s/Karun A. Tilak*
Karun A. Tilak

4

# EXHIBIT A

Case 6:26-cv-00340-PGB-RMN     Document 58-1     Filed 07/31/26     Page 5 of 64 PageID
713

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC, ALEXANDER
HOLLADAY, CENTURION PARTNERS
GROUP, LLC, JONATHAN ADAMS, and
TREY BICKLEY,

               *Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

               *Defendants*.

_____/

## **PLAINTIFF JOHNATHAN ADAMS' FIRST REQUESTS FOR ADMISSION TO DEFENDANT DAVID CHIU**

Plaintiff Jonathan Adams serves these requests for production under Federal

Rules of Civil Procedure 26 and 36.

1

## DEFINITIONS

1. "You" and "Your" mean the above-identified responding Defendant, including the responding Defendant's office, employees, agents, investigators, contractors, consultants, and any other person acting on the responding Defendant's behalf in connection with the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

2. "Plaintiffs" means CTRLPEW LLC, Alexander Holladay, Centurion Partners Group LLC, Jonathan Adams, and Trey Bickley.

3. "California Action" means *The People of the State of California v. Gatalog Foundation Inc., et al.*, No. CGC-26-633508, pending in the Superior Court of California, County of San Francisco.

4. "Challenged Statutes" means California Civil Code §§ 3273.61 and 3273.625.

5. "FAC" means the First Amended Complaint filed in this action as Document 34.

6. "FAC Exhibit 6" means the document filed in this action as Document 34-6.

7. "FAC Exhibit 7" means the document filed in this action as Document 34-7.

8. "Open Internet" means a publicly accessible website, webpage, online profile, file-hosting page, or platform page that may be accessed without individualized pre-approval by the publisher.

9. "Publish" means to post, display, upload, host, link, make available, or otherwise make accessible.

2

10. "California Person" means a person physically located in California, a California resident, or a person using an internet connection that appears to originate in California.

11. "Nonexempt California Person" means a California Person who is not within an exemption stated in California Civil Code § 3273.61.

## REQUESTS FOR ADMISSION

1. Admit that FAC Exhibit 6 contains or depicts a three-dimensional digital model.

2. Admit that FAC Exhibit 6 is human-viewable without operating a 3D printer.

3. Admit that FAC Exhibit 6 contains expressive content.

4. Admit that You contend publishing FAC Exhibit 6 to the Open Internet in a manner accessible to a Nonexempt California Person would violate California Civil Code § 3273.61.

5. Admit that You contend publishing FAC Exhibit 6 to the Open Internet in a manner accessible to a California Person could violate California Civil Code § 3273.625.

6. Admit that You contend publishing FAC Exhibit 6 to the Open Internet in a manner accessible to a California Person would be subject to enforcement in the California Action.

7. Admit that FAC Exhibit 7 is a written-and-pictorial guide concerning a firearm-related design.

8. Admit that FAC Exhibit 7 includes written instructions.

3

9. Admit that FAC Exhibit 7 includes a hardware list.

10. Admit that FAC Exhibit 7 includes a tools list.

11. Admit that FAC Exhibit 7 includes orientation or print-setting information.

12. Admit that FAC Exhibit 7 includes assembly instructions.

13. Admit that FAC Exhibit 7 is human-readable.

14. Admit that FAC Exhibit 7 contains expressive content.

15. Admit that FAC Exhibit 7 does not, by itself, cause a 3D printer to manufacture a firearm, firearm part, or firearm accessory.

16. Admit that You contend publishing FAC Exhibit 7 to the Open Internet in a manner accessible to a California Person could violate California Civil Code § 3273.625.

17. Admit that You contend publishing FAC Exhibit 7 to the Open Internet in a manner accessible to a Nonexempt California Person would violate California Civil Code § 3273.61.

18. Admit that You contend publishing FAC Exhibit 7 to the Open Internet in a manner accessible to a California Person would be subject to enforcement in the California Action.

19. Admit that You contend publishing written instructions concerning 3D printing or assembling firearms to the Open Internet in a manner accessible to California Persons could violate California Civil Code § 3273.625.

4

20. Admit that You contend publishing written instructions concerning 3D printing or assembling firearms to the Open Internet in a manner accessible to Nonexempt California Persons could violate California Civil Code § 3273.61.

21. Admit that You contend publishing images or renderings of firearm-related three-dimensional models to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

22. Admit that You contend publishing links to firearm-related files to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

23. Admit that You contend publishing human-readable guides or tutorials concerning 3D printing or assembling firearms to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

24. Admit that You contend publishing human-viewable 3-dimensional models of firearms or firearm parts to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

25. Admit that You contend that the Challenged Statutes can restrict the publication of expressive content.

26. Admit that You are aware that the United States Copyright Office has issued copyright registrations for written instructions concerning 3D printing or assembling firearms.

27. Admit that You are aware that the United States Copyright Office has issued copyright registrations for written instructions concerning 3D printing or assembling firearms.

28. Admit that You are aware that the United States Copyright Office has issued copyright registrations for images or renderings of firearm-related three-dimensional models.

29. Admit that You are aware that the United States Copyright Office has issued copyright registrations for human-readable guides or tutorials concerning 3D printing or assembling firearms.

30. Admit that You are aware that the United States Copyright Office has issued copyright registrations for human-viewable 3-dimensional models of firearms or firearm parts.

31. Admit that You are aware that issuance of a copyright registration is predicated on the registered work being in some way expressive.

32. Admit that You contend a person located outside California may violate California Civil Code § 3273.61 by publishing materials to the Open Internet if those materials are accessible to a Nonexempt California Person.

33. Admit that You contend a person located outside California may violate California Civil Code § 3273.625 by publishing materials to the Open Internet if those materials are accessible to a California Person.

34. Admit that You contend a publisher outside California must take steps to prevent Nonexempt California Persons from accessing materials covered by California Civil Code § 3273.61 to avoid liability under that statute.

35. Admit that You contend a publisher outside California must take steps to prevent California Persons from accessing materials covered by California Civil Code § 3273.625 to avoid liability under that statute.

36. Admit that You contend a publisher outside California may be required to remove, restrict, geofence, or otherwise limit access to online materials to avoid violating at least one of the Challenged Statutes.

37. Admit that You contend a publisher outside California may violate at least one of the Challenged Statutes even if the publisher does not know the identity of any California Person who accesses the publication.

38. Admit that You contend a publisher outside California may violate at least one of the Challenged Statutes even if the publisher does not know whether a particular viewer, downloader, or recipient is exempt under California Civil Code § 3273.61.

39. Admit that You contend Plaintiffs may violate at least one of the Challenged Statutes even if the relevant publication occurs from Florida.

40. Admit that You contend Plaintiffs may violate at least one of the Challenged Statutes even if the relevant website, webpage, online profile, file, link, or content is administered from Florida.

7

41. Admit that You contend Plaintiffs may violate at least one of the Challenged Statutes even if the relevant publication is not specifically directed to California Persons.

42. Admit that You contend the relief sought in the California Action may restrict publication, access, hosting, linking, display, or availability of online materials by persons located outside California.

43. Admit that You contend the relief sought in the California Action may require Plaintiffs to alter how they publish, host, link, display, or make available online materials from Florida.

44. Admit that You contend the relief sought in the California Action may require Plaintiffs to remove, restrict, geofence, or otherwise limit access to materials published from Florida.

45. Admit that You contend the relief sought in the California Action may apply to Plaintiffs' publication of written instructions, visual depictions, renderings, links, or files from Florida if those materials are accessible to California Persons.

DATED: July 15, 2026

*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.
Fla. Bar № 1005581
*The Law Offices of Matthew Larosiere.*
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
*Lead Counsel for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, I served the foregoing by electronic mail on counsel of record for Defendants.

*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC, ALEXANDER
HOLLADAY, CENTURION PARTNERS
GROUP, LLC, JONATHAN ADAMS, and
TREY BICKLEY,

                *Plaintiffs,*

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

                *Defendants.*

_____/

## **PLAINTIFF JOHNATHAN ADAMS' FIRST REQUESTS FOR ADMISSION TO DEFENDANT ROB BONTA**

Plaintiff Jonathan Adams serves these requests for production under Federal

Rules of Civil Procedure 26 and 36.

1

## DEFINITIONS

1. "You" and "Your" mean the above-identified responding Defendant, including the responding Defendant's office, employees, agents, investigators, contractors, consultants, and any other person acting on the responding Defendant's behalf in connection with the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

2. "Plaintiffs" means CTRLPEW LLC, Alexander Holladay, Centurion Partners Group LLC, Jonathan Adams, and Trey Bickley.

3. "California Action" means *The People of the State of California v. Gatalog Foundation Inc., et al.*, No. CGC-26-633508, pending in the Superior Court of California, County of San Francisco.

4. "Challenged Statutes" means California Civil Code §§ 3273.61 and 3273.625.

5. "FAC" means the First Amended Complaint filed in this action as Document 34.

6. "FAC Exhibit 6" means the document filed in this action as Document 34-6.

7. "FAC Exhibit 7" means the document filed in this action as Document 34-7.

8. "Open Internet" means a publicly accessible website, webpage, online profile, file-hosting page, or platform page that may be accessed without individualized pre-approval by the publisher.

9. "Publish" means to post, display, upload, host, link, make available, or otherwise make accessible.

2

10. "California Person" means a person physically located in California, a California resident, or a person using an internet connection that appears to originate in California.

11. "Nonexempt California Person" means a California Person who is not within an exemption stated in California Civil Code § 3273.61.

## REQUESTS FOR ADMISSION

1. Admit that FAC Exhibit 6 contains or depicts a three-dimensional digital model.

2. Admit that FAC Exhibit 6 is human-viewable without operating a 3D printer.

3. Admit that FAC Exhibit 6 contains expressive content.

4. Admit that You contend publishing FAC Exhibit 6 to the Open Internet in a manner accessible to a Nonexempt California Person would violate California Civil Code § 3273.61.

5. Admit that You contend publishing FAC Exhibit 6 to the Open Internet in a manner accessible to a California Person could violate California Civil Code § 3273.625.

6. Admit that You contend publishing FAC Exhibit 6 to the Open Internet in a manner accessible to a California Person would be subject to enforcement in the California Action.

7. Admit that FAC Exhibit 7 is a written-and-pictorial guide concerning a firearm-related design.

8. Admit that FAC Exhibit 7 includes written instructions.

3

9. Admit that FAC Exhibit 7 includes a hardware list.

10. Admit that FAC Exhibit 7 includes a tools list.

11. Admit that FAC Exhibit 7 includes orientation or print-setting information.

12. Admit that FAC Exhibit 7 includes assembly instructions.

13. Admit that FAC Exhibit 7 is human-readable.

14. Admit that FAC Exhibit 7 contains expressive content.

15. Admit that FAC Exhibit 7 does not, by itself, cause a 3D printer to manufacture a firearm, firearm part, or firearm accessory.

16. Admit that You contend publishing FAC Exhibit 7 to the Open Internet in a manner accessible to a California Person could violate California Civil Code § 3273.625.

17. Admit that You contend publishing FAC Exhibit 7 to the Open Internet in a manner accessible to a Nonexempt California Person would violate California Civil Code § 3273.61.

18. Admit that You contend publishing FAC Exhibit 7 to the Open Internet in a manner accessible to a California Person would be subject to enforcement in the California Action.

19. Admit that You contend publishing written instructions concerning 3D printing or assembling firearms to the Open Internet in a manner accessible to California Persons could violate California Civil Code § 3273.625.

4

20. Admit that You contend publishing written instructions concerning 3D printing or assembling firearms to the Open Internet in a manner accessible to Nonexempt California Persons could violate California Civil Code § 3273.61.

21. Admit that You contend publishing images or renderings of firearm-related three-dimensional models to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

22. Admit that You contend publishing links to firearm-related files to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

23. Admit that You contend publishing human-readable guides or tutorials concerning 3D printing or assembling firearms to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

24. Admit that You contend publishing human-viewable 3-dimensional models of firearms or firearm parts to the Open Internet in a manner accessible to California Persons could violate at least one of the Challenged Statutes.

25. Admit that You contend that the Challenged Statutes can restrict the publication of expressive content.

26. Admit that You are aware that the United States Copyright Office has issued copyright registrations for written instructions concerning 3D printing or assembling firearms.

27. Admit that You are aware that the United States Copyright Office has issued copyright registrations for written instructions concerning 3D printing or assembling firearms.

28. Admit that You are aware that the United States Copyright Office has issued copyright registrations for images or renderings of firearm-related three-dimensional models.

29. Admit that You are aware that the United States Copyright Office has issued copyright registrations for human-readable guides or tutorials concerning 3D printing or assembling firearms.

30. Admit that You are aware that the United States Copyright Office has issued copyright registrations for human-viewable 3-dimensional models of firearms or firearm parts.

31. Admit that You are aware that issuance of a copyright registration is predicated on the registered work being in some way expressive.

32. Admit that You contend a person located outside California may violate California Civil Code § 3273.61 by publishing materials to the Open Internet if those materials are accessible to a Nonexempt California Person.

33. Admit that You contend a person located outside California may violate California Civil Code § 3273.625 by publishing materials to the Open Internet if those materials are accessible to a California Person.

6

34. Admit that You contend a publisher outside California must take steps to prevent Nonexempt California Persons from accessing materials covered by California Civil Code § 3273.61 to avoid liability under that statute.

35. Admit that You contend a publisher outside California must take steps to prevent California Persons from accessing materials covered by California Civil Code § 3273.625 to avoid liability under that statute.

36. Admit that You contend a publisher outside California may be required to remove, restrict, geofence, or otherwise limit access to online materials to avoid violating at least one of the Challenged Statutes.

37. Admit that You contend a publisher outside California may violate at least one of the Challenged Statutes even if the publisher does not know the identity of any California Person who accesses the publication.

38. Admit that You contend a publisher outside California may violate at least one of the Challenged Statutes even if the publisher does not know whether a particular viewer, downloader, or recipient is exempt under California Civil Code § 3273.61.

39. Admit that You contend Plaintiffs may violate at least one of the Challenged Statutes even if the relevant publication occurs from Florida.

40. Admit that You contend Plaintiffs may violate at least one of the Challenged Statutes even if the relevant website, webpage, online profile, file, link, or content is administered from Florida.

41. Admit that You contend Plaintiffs may violate at least one of the Challenged Statutes even if the relevant publication is not specifically directed to California Persons.

42. Admit that You contend the relief sought in the California Action may restrict publication, access, hosting, linking, display, or availability of online materials by persons located outside California.

43. Admit that You contend the relief sought in the California Action may require Plaintiffs to alter how they publish, host, link, display, or make available online materials from Florida.

44. Admit that You contend the relief sought in the California Action may require Plaintiffs to remove, restrict, geofence, or otherwise limit access to materials published from Florida.

45. Admit that You contend the relief sought in the California Action may apply to Plaintiffs' publication of written instructions, visual depictions, renderings, links, or files from Florida if those materials are accessible to California Persons.

DATED: July 15, 2026

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar № 1005581
The Law Offices of Matthew Larosiere.
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
Lead Counsel for Plaintiffs

8

# CERTIFICATE OF SERVICE

I certify that on July 15, 2026, I served the foregoing by electronic mail on counsel of record for Defendants.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*

# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC, ALEXANDER
HOLLADAY, CENTURION PARTNERS
GROUP, LLC, JONATHAN ADAMS, and
TREY BICKLEY,

      *Plaintiffs,*

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

      *Defendants.*

_____/

## PLAINTIFF JOHNATHAN ADAMS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANT DAVID CHIU

   Plaintiff Jonathan Adams serves these requests for production under Federal

Rules of Civil Procedure 26 and 34.

1

## DEFINITIONS

1. "You" and "Your" mean the above-named responding Defendant, including the responding Defendant's office, employees, agents, investigators, contractors, consultants, and any other person acting on the responding Defendant's behalf in connection with the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

2. "Plaintiffs" means CTRLPEW LLC, Alexander Holladay, Centurion Partners Group LLC, Jonathan Adams, and Trey Bickley.

3. "California Action" means *The People of the State of California v. Gatalog Foundation Inc.*, et al., No. CGC-26-633508, pending in the Superior Court of California, County of San Francisco.

4. "Defense Distributed Entities" means Defense Distributed, DEFCAD, Inc., DD Foundation, LLC, Coast Runner Industries Inc., Coast Runner, Ghost Gunner, Ghost Gunner Inc., Dioskouroi LLC, Gunspring LLC, Gunspring, and any entity or individual using an email address ending in @defdist.org, @defcad.com, @defcad.org, @gunspring.org, or @gunspring.com.

5. "Defense Distributed Individuals" means Cody Rutledge Wilson, Garret Walliman, Thomas Odom, and any officer, director, employee, contractor, consultant, investigator, or representative of any Defense Distributed Entity.

6. "Defense Distributed Counsel" means Chad Flores, Charles Flores, Flores Law PLLC, Andino Reynal, Federico Andino Reynal, Reynal Law Firm, and any person using an email address ending in @chadflores.law or @frlaw.us.

2

7.  "Specified Defense Distributed Sources" means Defense Distributed Entities, Defense Distributed Individuals, and Defense Distributed Counsel.

8.  "Third-Party Intermediary" means any internet service provider, web host, domain registrar, domain registry, DNS provider, CDN, platform, social-media platform, payment processor, search engine, file-hosting provider, cloud-storage provider, Odysee, LBRY, or similar entity that hosts, carries, indexes, processes, distributes, displays, transmits, monetizes, processes payments for, or provides access to any website, profile, file, account, link, or content associated with Plaintiffs.

9.  "Communication" means any oral, written, electronic, recorded, or digital communication, including letters, emails, text messages, chat messages, direct messages, telephone calls, videoconferences, memoranda, notes, and drafts.

10. Unless otherwise stated, the relevant time period is January 1, 2021 through the present.

3

## INSTRUCTIONS

1. Where a request seeks "documents sufficient to show" a fact or category of information, You may produce representative documents sufficient to disclose the requested fact or category, rather than every document touching on the subject.

2. Electronically stored information should be produced in its native format or in reasonably usable form, with metadata sufficient to show sender, recipient, date, subject, file name, and custodian where available.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents sufficient to show when and how You learned that any Plaintiff was located, domiciled, organized, headquartered, operating, publishing, receiving speech, using speech, conducting business, or otherwise engaging in relevant activity in Florida.

**REQUEST NO. 2:**

Documents concerning any communication with any process server, investigator, contractor, consultant, law-enforcement officer, government employee, or other person concerning service of process on, investigation of, contact with, or information gathering from any Florida resident, Florida entity, Florida address, Florida registered agent, Florida business location, or Florida publication operation relating to Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, or the California Action.

4

**REQUEST NO. 3:**

Documents sufficient to show the facts You rely on to contend that the injunctive relief sought or anticipated in the California Action would not require action by, restrict action by, or otherwise affect any Florida resident, Florida entity, Florida business operation, Florida publication decision, Florida website operation, Florida account administrator, Florida recipient, or Florida user.

**REQUEST NO. 4:**

Documents sufficient to show the facts You rely on to contend that any Plaintiff purposefully directed relevant conduct toward California.

**REQUEST NO. 5:**

Documents concerning service of process on any Plaintiff in Florida, including instructions to process servers, communications with process servers, proofs or affidavits of service, invoices, and documents identifying who requested, authorized, or coordinated service.

**REQUEST NO. 6:**

All communications between You and any person or entity in Florida concerning Plaintiffs, the California Action, California Civil Code §§ 3273.61 or 3273.625,

5

Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' files, Plaintiffs' content, service of process, or this action.

**REQUEST NO. 7:**

All communications between You and any Third-Party Intermediary concerning Plaintiffs, Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' accounts, Plaintiffs' files, Plaintiffs' links, or Plaintiffs' content.

**REQUEST NO. 8:**

Documents sufficient to show any request, demand, notice, subpoena, preservation request, takedown request, platform request, account request, or other communication sent by You to any Third-Party Intermediary concerning Plaintiffs, Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' accounts, Plaintiffs' files, Plaintiffs' links, or Plaintiffs' content.

**REQUEST NO. 9:**

Documents sufficient to show the factual basis for Your contention that any relief sought or anticipated in the California Action is limited to California conduct and would not affect Plaintiffs' publication activity, websites, online profiles, accounts, files, links, content, or access to speech from Florida.

**REQUEST NO. 10:**

Documents concerning any expected, intended, foreseeable, or actual effect of the California Action on Plaintiffs' conduct in Florida, Plaintiffs' publication activity in Florida, Plaintiffs' websites or online profiles as accessed from Florida, or Plaintiffs' Florida business activity.

**REQUEST NO. 11:**

Documents concerning any expected, intended, foreseeable, or actual effect of the California Action on Florida users, Florida viewers, Florida recipients, Florida customers, Florida patrons, Florida firearms owners, Florida businesses, or access to Plaintiffs' speech from Florida.

**REQUEST NO. 12:**

Documents sufficient to show any method You contend Plaintiffs could use to comply with California Civil Code §§ 3273.61 and 3273.625 while continuing to publish the challenged materials from Florida on the open internet.

**REQUEST NO. 13:**

Documents sufficient to identify every person who participated in investigating
Plaintiffs' location, Plaintiffs' publication activity, Plaintiffs' websites or online
profiles, service of process on Plaintiffs in Florida, communications with Third-
Party Intermediaries concerning Plaintiffs, or analysis of the geographic effect of
relief sought in the California Action.

**REQUEST NO. 14:**

All communications between You and any Specified Defense Distributed Source
concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm
manufacturing code, California Civil Code §§ 3273.61 or 3273.625, alleged access to
Plaintiffs' materials from California, third-party enforcement, internet service
providers, online platforms, geofencing, or the California Action.

**REQUEST NO. 15:**

All documents, links, screenshots, files, recordings, declarations, factual summaries,
proposed language, analyses, or other materials provided to You by any Specified
Defense Distributed Source concerning Plaintiffs, The Gatalog, CTRLPEW, MAF
Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61
or 3273.625, alleged access to Plaintiffs' materials from California, third-party
enforcement, internet service providers, online platforms, geofencing, or the
California Action.

**REQUEST NO. 16:**

Documents sufficient to identify each Specified Defense Distributed Source who provided information, documents, screenshots, links, files, proposed language, declarations, factual summaries, analyses, or other materials that You used, cited, relied on, reviewed, or considered in investigating Plaintiffs, drafting the California Action, seeking complex designation, seeking preliminary injunctive relief, opposing any motion to quash in the California Action, moving to dismiss this action, or opposing Plaintiffs' motion for preliminary injunction in this action.

**REQUEST NO. 17:**

All communications using, sent to, sent from, copying, or blind-copying any email address ending in @defdist.org, @defcad.com, @defcad.org, @gunspring.org, @gunspring.com, @chadflores.law, or @frlaw.us concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, third-party enforcement, internet service providers, online platforms, geofencing, or the California Action.

**REQUEST NO. 18:**

Documents cited, reviewed, or relied upon in preparing Your responses to Plaintiff Jonathan Adams' First Set of Interrogatories, Plaintiff Jonathan Adams' First Requests for Admission, or these Requests for Production.

DATED: July 15, 2026

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar № 1005581
*The Law Offices of Matthew Larosiere.*
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, I served the foregoing by electronic mail on counsel of record for Defendants.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*

# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC, ALEXANDER
HOLLADAY, CENTURION PARTNERS
GROUP, LLC, JONATHAN ADAMS, and
TREY BICKLEY,

       *Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

       *Defendants*.

_____/

**PLAINTIFF JOHNATHAN ADAMS' FIRST REQUESTS FOR PRODUCTION
TO DEFENDANT ROB BONTA**

  Plaintiff Jonathan Adams serves these requests for production under Federal

Rules of Civil Procedure 26 and 34.

1

## **DEFINITIONS**

1. "You" and "Your" mean the above-named responding Defendant, including the responding Defendant's office, employees, agents, investigators, contractors, consultants, and any other person acting on the responding Defendant's behalf in connection with the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

2. "Plaintiffs" means CTRLPEW LLC, Alexander Holladay, Centurion Partners Group LLC, Jonathan Adams, and Trey Bickley.

3. "California Action" means *The People of the State of California v. Gatalog Foundation Inc.*, et al., No. CGC-26-633508, pending in the Superior Court of California, County of San Francisco.

4. "Defense Distributed Entities" means Defense Distributed, DEFCAD, Inc., DD Foundation, LLC, Coast Runner Industries Inc., Coast Runner, Ghost Gunner, Ghost Gunner Inc., Dioskouroi LLC, Gunspring LLC, Gunspring, and any entity or individual using an email address ending in @defdist.org, @defcad.com, @defcad.org, @gunspring.org, or @gunspring.com.

5. "Defense Distributed Individuals" means Cody Rutledge Wilson, Garret Walliman, Thomas Odom, and any officer, director, employee, contractor, consultant, investigator, or representative of any Defense Distributed Entity.

6. "Defense Distributed Counsel" means Chad Flores, Charles Flores, Flores Law PLLC, Andino Reynal, Federico Andino Reynal, Reynal Law Firm, and any person using an email address ending in @chadflores.law or @frlaw.us.

7. "Specified Defense Distributed Sources" means Defense Distributed Entities, Defense Distributed Individuals, and Defense Distributed Counsel.

8. "Third-Party Intermediary" means any internet service provider, web host, domain registrar, domain registry, DNS provider, CDN, platform, social-media platform, payment processor, search engine, file-hosting provider, cloud-storage provider, Odysee, LBRY, or similar entity that hosts, carries, indexes, processes, distributes, displays, transmits, monetizes, processes payments for, or provides access to any website, profile, file, account, link, or content associated with Plaintiffs.

9. "Communication" means any oral, written, electronic, recorded, or digital communication, including letters, emails, text messages, chat messages, direct messages, telephone calls, videoconferences, memoranda, notes, and drafts.

10. Unless otherwise stated, the relevant time period is January 1, 2021 through the present.

## INSTRUCTIONS

1. Where a request seeks "documents sufficient to show" a fact or category of information, You may produce representative documents sufficient to disclose the requested fact or category, rather than every document touching on the subject.

2. Electronically stored information should be produced in its native format or in reasonably usable form, with metadata sufficient to show sender, recipient, date, subject, file name, and custodian where available.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents sufficient to show when and how You learned that any Plaintiff was located, domiciled, organized, headquartered, operating, publishing, receiving speech, using speech, conducting business, or otherwise engaging in relevant activity in Florida.

**REQUEST NO. 2:**

Documents concerning any communication with any process server, investigator, contractor, consultant, law-enforcement officer, government employee, or other person concerning service of process on, investigation of, contact with, or information gathering from any Florida resident, Florida entity, Florida address, Florida registered agent, Florida business location, or Florida publication operation relating to Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, or the California Action.

4

**REQUEST NO. 3:**

Documents sufficient to show the facts You rely on to contend that the injunctive

relief sought or anticipated in the California Action would not require action by,

restrict action by, or otherwise affect any Florida resident, Florida entity, Florida

business operation, Florida publication decision, Florida website operation, Florida

account administrator, Florida recipient, or Florida user.

**REQUEST NO. 4:**

Documents sufficient to show the facts You rely on to contend that any Plaintiff

purposefully directed relevant conduct toward California.

**REQUEST NO. 5:**

Documents concerning service of process on any Plaintiff in Florida, including

instructions to process servers, communications with process servers, proofs or

affidavits of service, invoices, and documents identifying who requested, authorized,

or coordinated service.

**REQUEST NO. 6:**

All communications between You and any person or entity in Florida concerning

Plaintiffs, the California Action, California Civil Code §§ 3273.61 or 3273.625,

Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' files, Plaintiffs' content, service of process, or this action.

**REQUEST NO. 7:**

All communications between You and any Third-Party Intermediary concerning Plaintiffs, Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' accounts, Plaintiffs' files, Plaintiffs' links, or Plaintiffs' content.

**REQUEST NO. 8:**

Documents sufficient to show any request, demand, notice, subpoena, preservation request, takedown request, platform request, account request, or other communication sent by You to any Third-Party Intermediary concerning Plaintiffs, Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' accounts, Plaintiffs' files, Plaintiffs' links, or Plaintiffs' content.

**REQUEST NO. 9:**

Documents sufficient to show the factual basis for Your contention that any relief sought or anticipated in the California Action is limited to California conduct and would not affect Plaintiffs' publication activity, websites, online profiles, accounts, files, links, content, or access to speech from Florida.

6

**REQUEST NO. 10:**

Documents concerning any expected, intended, foreseeable, or actual effect of the California Action on Plaintiffs' conduct in Florida, Plaintiffs' publication activity in Florida, Plaintiffs' websites or online profiles as accessed from Florida, or Plaintiffs' Florida business activity.

**REQUEST NO. 11:**

Documents concerning any expected, intended, foreseeable, or actual effect of the California Action on Florida users, Florida viewers, Florida recipients, Florida customers, Florida patrons, Florida firearms owners, Florida businesses, or access to Plaintiffs' speech from Florida.

**REQUEST NO. 12:**

Documents sufficient to show any method You contend Plaintiffs could use to comply with California Civil Code §§ 3273.61 and 3273.625 while continuing to publish the challenged materials from Florida on the open internet.

**REQUEST NO. 13:**

Documents sufficient to identify every person who participated in investigating
Plaintiffs' location, Plaintiffs' publication activity, Plaintiffs' websites or online
profiles, service of process on Plaintiffs in Florida, communications with Third-
Party Intermediaries concerning Plaintiffs, or analysis of the geographic effect of
relief sought in the California Action.

**REQUEST NO. 14:**

All communications between You and any Specified Defense Distributed Source
concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm
manufacturing code, California Civil Code §§ 3273.61 or 3273.625, alleged access to
Plaintiffs' materials from California, third-party enforcement, internet service
providers, online platforms, geofencing, or the California Action.

**REQUEST NO. 15:**

All documents, links, screenshots, files, recordings, declarations, factual summaries,
proposed language, analyses, or other materials provided to You by any Specified
Defense Distributed Source concerning Plaintiffs, The Gatalog, CTRLPEW, MAF
Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61
or 3273.625, alleged access to Plaintiffs' materials from California, third-party
enforcement, internet service providers, online platforms, geofencing, or the
California Action.

**REQUEST NO. 16:**

Documents sufficient to identify each Specified Defense Distributed Source who provided information, documents, screenshots, links, files, proposed language, declarations, factual summaries, analyses, or other materials that You used, cited, relied on, reviewed, or considered in investigating Plaintiffs, drafting the California Action, seeking complex designation, seeking preliminary injunctive relief, opposing any motion to quash in the California Action, moving to dismiss this action, or opposing Plaintiffs' motion for preliminary injunction in this action.

**REQUEST NO. 17:**

All communications using, sent to, sent from, copying, or blind-copying any email address ending in @defdist.org, @defcad.com, @defcad.org, @gunspring.org, @gunspring.com, @chadflores.law, or @frlaw.us concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, third-party enforcement, internet service providers, online platforms, geofencing, or the California Action.

**REQUEST NO. 18:**

Documents cited, reviewed, or relied upon in preparing Your responses to Plaintiff Jonathan Adams' First Set of Interrogatories, Plaintiff Jonathan Adams' First Requests for Admission, or these Requests for Production.

DATED: July 15, 2026

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar № 1005581
*The Law Offices of Matthew Larosiere.*
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, I served the foregoing by electronic mail on counsel of record for Defendants.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*

10

# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC, ALEXANDER
HOLLADAY, CENTURION PARTNERS
GROUP, LLC, JONATHAN ADAMS, and
TREY BICKLEY,

               *Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

               *Defendants*.

_____/

## **PLAINTIFF JOHNATHAN ADAMS' FIRST INTERROGATORIES TO DEFENDANT DAVID CHIU**

Plaintiff Jonathan Adams serves these requests for production under Federal

Rules of Civil Procedure 26 and 33.

1

## DEFINITIONS

1. "You" and "Your" mean the above-named responding Defendant, including the responding Defendant's office, employees, agents, investigators, contractors, consultants, and any other person acting on the responding Defendant's behalf in connection with the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

2. "Plaintiffs" means CTRLPEW LLC, Alexander Holladay, Centurion Partners Group LLC, Jonathan Adams, and Trey Bickley.

3. "California Action" means *The People of the State of California v. Gatalog Foundation Inc., et al.*, No. CGC-26-633508, pending in the Superior Court of California, County of San Francisco.

4. "Third-Party Intermediary" means any internet service provider, web host, domain registrar, domain registry, DNS provider, CDN, platform, social-media platform, payment processor, search engine, file-hosting provider, cloud-storage provider, Odysee, LBRY, or similar entity that hosts, carries, indexes, processes, distributes, displays, transmits, monetizes, processes payments for, or provides access to any website, profile, file, account, link, or content associated with Plaintiffs.

5. "Communication" means any oral, written, electronic, recorded, or digital communication, including letters, emails, text messages, chat messages, direct messages, telephone calls, videoconferences, memoranda, notes, and drafts.

2

6.  "Identify," when referring to a person, means to state the person's full name, title or position, employer or organizational affiliation, business address, business telephone number, business email address, and role in the events at issue. When referring to an entity, "identify" means to state its name, form, principal place of business, website, and known contact information. When referring to a document, "identify" means to state its title or description, date, author, recipients, custodian, and present location.

7.  "Defense Distributed Entities" means Defense Distributed, DEFCAD, Inc., DD Foundation, LLC, Coast Runner Industries Inc., Coast Runner, Ghost Gunner, Ghost Gunner Inc., Dioskouroi LLC, Gunspring LLC, Gunspring, and any entity using an email address ending in @defdist.org, @defcad.com, @defcad.org, @gunspring.org, or @gunspring.com.

8.  "Defense Distributed Individuals" means Cody Rutledge Wilson, Garret Walliman, Thomas Odom, and any officer, director, employee, contractor, consultant, investigator, or representative of any Defense Distributed Entity.

9.  "Defense Distributed Counsel" means Chad Flores, Charles Flores, Flores Law PLLC, Andino Reynal, Federico Andino Reynal, Reynal Law Firm, and any person using an email address ending in @chadflores.law or @frlaw.us.

10. "Specified Defense Distributed Sources" means Defense Distributed Entities, Defense Distributed Individuals, and Defense Distributed Counsel.

11. Unless otherwise stated, the relevant time period is January 1, 2021 through the present.

3

## INSTRUCTIONS

1. If You object to any interrogatory, state whether You are withholding responsive information based on the objection.

2. If You do not know the complete answer to an interrogatory, answer to the extent possible, identify the portion You cannot answer, and identify the person or source most likely to have the additional information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each act taken by You in Florida, directed to Florida, or directed to any Florida resident or Florida entity concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

**INTERROGATORY NO. 2:**

Identify each person or entity in Florida with whom You communicated concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, service of process, the California Action, this action, or the enforcement activity alleged in the First Amended Complaint. For each, state the date, participants, method of communication, and general subject matter.

**INTERROGATORY NO. 3:**

Identify each Third-Party Intermediary with whom You communicated concerning Plaintiffs, Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' accounts, Plaintiffs' files, Plaintiffs' links, or Plaintiffs' content. For each, state the date, participants, method of communication, general subject matter, and whether the communication concerned removal, restriction, blocking, delisting, deindexing,

geofencing, preservation, production, suspension, demonetization, account limitation, or limitation of access.

**INTERROGATORY NO. 4:**

State whether You contend that Plaintiffs can comply with California Civil Code §§ 3273.61 and 3273.625 while continuing to publish the challenged materials from Florida on the open internet. If so, identify each method You contend would permit compliance.

**INTERROGATORY NO. 5:**

Identify each Specified Defense Distributed Source with whom You communicated concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, alleged access to Plaintiffs' materials from California, third-party enforcement, internet service providers, online platforms, geofencing, or the California Action. For each communication, state the date, participants, method of communication, general subject matter, and whether any document, link, screenshot, file, declaration, factual summary, proposed language, or analysis was provided to You.

**INTERROGATORY NO. 6:**

Identify each Specified Defense Distributed Source who provided information, documents, screenshots, links, files, proposed language, declarations, factual summaries, analyses, or other materials that You used, cited, relied on, reviewed, or considered in investigating Plaintiffs, drafting the California Action, seeking complex designation, seeking preliminary injunctive relief, opposing any motion to quash in the California Action, moving to dismiss this action, or opposing Plaintiffs' motion for preliminary injunction in this action.

DATED: July 15, 2026

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
Fla. Bar № 1005581
*The Law Offices of Matthew Larosiere.*
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, I served the foregoing by electronic mail on

counsel of record for Defendants.


*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*

# EXHIBIT F

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:26-cv-340

CTRLPEW LLC, ALEXANDER
HOLLADAY, CENTURION PARTNERS
GROUP, LLC, JONATHAN ADAMS, and
TREY BICKLEY,

*Plaintiffs*,

v.

DAVID CHIU, in his official capacity as San
Francisco City Attorney, and ROB BONTA, in
his official capacity as Attorney General of
California,

*Defendants*.

_____/

## **PLAINTIFF JOHNATHAN ADAMS' FIRST INTERROGATORIES TO DEFENDANT ROB BONTA**

Plaintiff Jonathan Adams serves these requests for production under Federal

Rules of Civil Procedure 26 and 33.

1

## DEFINITIONS

1. "You" and "Your" mean the above-named responding Defendant, including the responding Defendant's office, employees, agents, investigators, contractors, consultants, and any other person acting on the responding Defendant's behalf in connection with the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

2. "Plaintiffs" means CTRLPEW LLC, Alexander Holladay, Centurion Partners Group LLC, Jonathan Adams, and Trey Bickley.

3. "California Action" means *The People of the State of California v. Gatalog Foundation Inc., et al.*, No. CGC-26-633508, pending in the Superior Court of California, County of San Francisco.

4. "Third-Party Intermediary" means any internet service provider, web host, domain registrar, domain registry, DNS provider, CDN, platform, social-media platform, payment processor, search engine, file-hosting provider, cloud-storage provider, Odysee, LBRY, or similar entity that hosts, carries, indexes, processes, distributes, displays, transmits, monetizes, processes payments for, or provides access to any website, profile, file, account, link, or content associated with Plaintiffs.

5. "Communication" means any oral, written, electronic, recorded, or digital communication, including letters, emails, text messages, chat messages, direct messages, telephone calls, videoconferences, memoranda, notes, and drafts.

2

6. "Identify," when referring to a person, means to state the person's full name, title or position, employer or organizational affiliation, business address, business telephone number, business email address, and role in the events at issue. When referring to an entity, "identify" means to state its name, form, principal place of business, website, and known contact information. When referring to a document, "identify" means to state its title or description, date, author, recipients, custodian, and present location.

7. "Defense Distributed Entities" means Defense Distributed, DEFCAD, Inc., DD Foundation, LLC, Coast Runner Industries Inc., Coast Runner, Ghost Gunner, Ghost Gunner Inc., Dioskouroi LLC, Gunspring LLC, Gunspring, and any entity using an email address ending in @defdist.org, @defcad.com, @defcad.org, @gunspring.org, or @gunspring.com.

8. "Defense Distributed Individuals" means Cody Rutledge Wilson, Garret Walliman, Thomas Odom, and any officer, director, employee, contractor, consultant, investigator, or representative of any Defense Distributed Entity.

9. "Defense Distributed Counsel" means Chad Flores, Charles Flores, Flores Law PLLC, Andino Reynal, Federico Andino Reynal, Reynal Law Firm, and any person using an email address ending in @chadflores.law or @frlaw.us.

10. "Specified Defense Distributed Sources" means Defense Distributed Entities, Defense Distributed Individuals, and Defense Distributed Counsel.

11. Unless otherwise stated, the relevant time period is January 1, 2021 through the present.

3

## **INSTRUCTIONS**

1. If You object to any interrogatory, state whether You are withholding responsive information based on the objection.

2. If You do not know the complete answer to an interrogatory, answer to the extent possible, identify the portion You cannot answer, and identify the person or source most likely to have the additional information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each act taken by You in Florida, directed to Florida, or directed to any Florida resident or Florida entity concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, the California Action, this action, or the enforcement activity alleged in the First Amended Complaint.

**INTERROGATORY NO. 2:**

Identify each person or entity in Florida with whom You communicated concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, service of process, the California Action, this action, or the enforcement activity alleged in the First Amended Complaint. For each, state the date, participants, method of communication, and general subject matter.

**INTERROGATORY NO. 3:**

Identify each Third-Party Intermediary with whom You communicated concerning Plaintiffs, Plaintiffs' websites, Plaintiffs' online profiles, Plaintiffs' accounts, Plaintiffs' files, Plaintiffs' links, or Plaintiffs' content. For each, state the date, participants, method of communication, general subject matter, and whether the communication concerned removal, restriction, blocking, delisting, deindexing,

5

geofencing, preservation, production, suspension, demonetization, account limitation, or limitation of access.

**INTERROGATORY NO. 4:**

State whether You contend that Plaintiffs can comply with California Civil Code §§ 3273.61 and 3273.625 while continuing to publish the challenged materials from Florida on the open internet. If so, identify each method You contend would permit compliance.

**INTERROGATORY NO. 5:**

Identify each Specified Defense Distributed Source with whom You communicated concerning Plaintiffs, The Gatalog, CTRLPEW, MAF Corp., Odysee, digital firearm manufacturing code, California Civil Code §§ 3273.61 or 3273.625, alleged access to Plaintiffs' materials from California, third-party enforcement, internet service providers, online platforms, geofencing, or the California Action. For each communication, state the date, participants, method of communication, general subject matter, and whether any document, link, screenshot, file, declaration, factual summary, proposed language, or analysis was provided to You.

**INTERROGATORY NO. 6:**

Identify each Specified Defense Distributed Source who provided information, documents, screenshots, links, files, proposed language, declarations, factual summaries, analyses, or other materials that You used, cited, relied on, reviewed, or considered in investigating Plaintiffs, drafting the California Action, seeking complex designation, seeking preliminary injunctive relief, opposing any motion to quash in the California Action, moving to dismiss this action, or opposing Plaintiffs' motion for preliminary injunction in this action.

DATED: July 15, 2026

*/s/ Matthew Larosiere*
Matthew Larosiere, Esq.
Fla. Bar № 1005581
*The Law Offices of Matthew Larosiere.*
6964 Houlton Cir.
Lake Worth, FL 33467
Email: Larosieremm@gmail.com
Telephone: (561) 452-7575
*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, I served the foregoing by electronic mail on counsel of record for Defendants.

/s/ Matthew Larosiere
Matthew Larosiere, Esq.
*Lead Counsel for Plaintiffs*